## Millikin v. Richhill Township, Appellant.

*Negligence—Townships—Road without guard — Automobiles — Contributory negligence.*

The duty of a township as to a road must be measured by the ordinary and usual demands of the traveling public in the locality, and supervisors are bound to foresee and provide for the ordinary method of travel and make reasonable provision for the safety of the public; and this applies to automobiles as well as to ordinary vehicles.

Where a practicing physician drives in his automobile to a patient's house some miles distant from his own, over a road dry and in good condition, and during the hour he is at the patient's house, a sudden and severe rainfall takes place, and the road is rendered slippery, and on his return he applies chains to his car and exercises good judgment and care in the operation of his car at a point where the road was on an unguarded slope, he cannot be charged with contributory negligence, if the car goes over the embankment, because he attempted to use the road in its wet condition. A traveler is not obliged to stay off a public road merely because it happens to be slippery.

Argued April 12, 1917. Appeal, No. 127, April T., 1917, by defendant, from judgment of C. P. Greene Co., Sept. T., 1914, No. 77, on verdict for plaintiff in case of T. N. Millikin v. Richhill Township. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries and injuries to an automobile. Before IRWIN, J., specially presiding.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Errors assigned,* amongst others, were portions of charge quoted in the opinion of the Superior Court.

*A. F. Silveus,* with him *F. W. Downey,* for appellant.
—The defendant township was not negligent in not
erecting barriers at the place of the accident: Chartiers
v. Phillips, 122 Pa. 601; Willis v. Armstrong Co., 183
Pa. 184; Kieffer v. Hummelstown Boro., 151 Pa. 304;
Schaeffer v. Jackson Twp., 150 Pa. 145; Habecker v.
Lancaster Twp., 9 Pa. Superior Ct. 553; Card v. Colum-
bia Twp., 191 Pa. 254.

The road supervisors have a right to presume that the
driver of an automobile will manage it in a reasonable
manner and will only use it on roads that are reasona-
bly safe to travel in an automobile and that he will re-
frain from using it when he knows it is dangerous to
travel thereon in an automobile, because they are wet
and slippery from a recent rainfall.

A township is not guilty of negligence if a country
road becomes so bad as to be almost impassable from
weather conditions and nature of soil: Brendlinger v.
New Hanover Twp., 148 Pa. 93.

Township supervisors were not required to erect bar-
riers to guard against skidding automobiles on wet and
slippery roads due to rainfall: Short v. Carbondale
City, 249 Pa. 564; Blaine v. Philadelphia, 33 Pa. Su-
perior Ct. 177; Hendrickson v. Chester City, 221 Pa.
120.

The plaintiff was guilty of contributory negligence:
Heister v. Fawn Twp., 189 Pa. 253; Dixon v. Butler
Twp., 4 Pa. Superior Ct. 333; McGettigan v. Quaker
City Auto Co., 20 Pa. Dist. 47; Crescent Twp. v. Ander-
son, 114 Pa. 643; Hill v. Tionesta Twp., 146 Pa. 11;
Mueller v. Ross Twp., 152 Pa. 399; Snyder v. Penn
Twp., 14 Pa. Superior Ct. 145.

*Challen W. Waychoff,* with him *Roy J. Waychoff* and
*James Inghram,* for appellee, cited: Yoders v. Amwell
Twp., 172 Pa. 447; Wasser v. Northampton Co., 249
Pa. 25.

OPINION BY ORLADY, P. J., July 13, 1917:

The plaintiff is a practicing physician located in the Borough of Waynesboro, Greene County, and on the 2d of October, 1913, he answered a professional call to a patient whose home was sixteen miles distant from his office. The public highway connecting these points was described as being ordinarily in good condition, smooth, level, even, free from ruts, stones or other impediments. The traveled portion being about fifteen (15) feet wide, with smooth shallow gutters at the upper-grade side about three (3) feet wide. He was driving his own automobile, and on his way to the home of his patient the road was dry and in good condition. While at the patient's house, where he remained about one hour, considerable rain fell, which rendered the roadbed slippery. When he started to return to his home, he noticed the changed conditions of the road, and put chains on the two hind wheels, and on one fore wheel, to prevent his machine from skidding. When he reached the point of the accident, where the road was on a side-hill incline, the front wheels of his car began to skid or slide. He then turned the front wheels, first toward the upper side of the road, so as to get the wheels in the gutter grade, but failing in this, and the car continuing to slide, he turned his car squarely across the road to avoid a side upset, and went off the road forward down a steep incline into a creek, remaining in the car at the steering wheel throughout this procedure. The road was crowned in form and at the point where the automobile passed over the edge of the roadbed, it was lower at the outer edge of the crown. At this side of the road, there was a sharp declivity caused through the slipping of the roadbed and its supporting base, evidenced by a succession of breaks,—the slope becoming more precipitous until it ended at the creek. The distance from the lower side of the road to the creek was 67 feet, the perpendicular fall being 26 feet. At the

edge of the road there was a perpendicular drop of from
6 to 12 inches.

The questions in this case are,—whether under the es-
tablished facts the township authorities should have
erected and maintained an adequate barrier at this point,
to prevent such an accident?—and, whether the plaintiff
was guilty of contributory negligence in using the road,
having knowledge of its condition and of the absence of
any barriers at the place of the accident?

The automobile is now so generally in use, as a vehicle
of travel and traffic, that it must be considered an ordi-
nary means or method of use of the public highway.
This automobile was described as a "White Roadster,"
a popular and well recognized type of car, and, was an
ordinary vehicle of pleasure or business, furnishing a
convenient and useful mode of travel and transportation,
not inconsistent with the use of the highway by others,
and had rights upon the public roads and streets equal
to those of horses, carriages, and other vehicles, yet nec-
essarily exacted a higher degree of care from the driver.
Where highways have not been restricted by dedication
to some particular use, they are open to all suitable
methods of transportation. The general principles ap-
plicable to the use of all vehicles upon public highways
apply to automobiles, and may be summarized in the
statement that a driver must use that degree of care and
caution which an ordinarily careful and prudent person
would exercise under the same circumstances: 2 R. C.
L. 1164.

The trial was conducted with exceptional fairness, and
in explanation of any doubt, in the oral testimony on the
trial as to the local conditions, the jury were taken to
the scene of the accident, where they had a personal view
of the road and its immediate surroundings. The duty
of the defendant township must be measured by the or-
dinary and usual demands of the traveling public in the
locality, and they are bound to foresee, and provide for
the ordinary methods of travel and make reasonable pro-

vision for the safety of the public on the highway. This is but a reasonable demand of the traveling public upon the local authorities, and the discharge of this duty is nearly always a question of fact to be determined by the particular circumstances of the case.

We are not impressed by the argument that because an unexpected rainfall makes an ordinarily safe highway, more than ordinarily dangerous, that all traffic on that highway must be suspended, until that danger has been removed. Any argument that can be urged in regard to a sudden rainfall, would apply with equal force to a fall of snow, and there are many of the users of the highway, at least of the class of this plaintiff, whose mission is such that they are justified in pursuing the ordinary and accepted risks of highway travel in the exercise of reasonable care.

There is nothing in the evidence to suggest that Dr. Millikin did not exercise such care in attempting to return to his office and home. He applied the ordinary and usually effective precautions to avoid slipping and skidding of his machine, by placing chains on the two rear and one front wheel, and exercised exceptionally good judgment in the management of his machine at the time of the accident, to prevent its overturning down the bank, by directing its course head-on down the slope. It would be difficult to suggest a higher discharge of his duty than the method he adopted under the emergent risk in which he was placed. Proximity to a precipitous and dangerous embankment requires a degree of care not necessary under ordinary circumstances, but it is only that care which common prudence dictates, in view of an unusual danger, as necessary to reasonable safety in the ordinary use of the highway at that point. The ordinary needs of travel change with changed circumstances, and road officers must keep in mind the new uses of travel in the construction and maintenance of highway: Wasser v. Northampton County, 249 Pa. 25.

The verdict in this case means that this was a place

of danger, which should have been reasonably protected
by some kind of a barrier or guard.   The extent or char-
acter of it is not determined because there was no barrier
of any type erected by the township authorities.   The
duty of the plaintiff, as well as that of the defendant,
was fairly and clearly defined by the learned trial judge
in his charge to the jury; "Should the township authori-
ties in the exercise of reasonable and ordinary care, have
anticipated that there was danger at this point, from
travel over this road in automobiles when the road was
wet and slippery, and that there was a likelihood that
an automobile driven over that road in a reasonable and
ordinary manner, might be likely to skid as a result of
the wet and slippery condition of the road, and go over
that bank when there was no barrier of any kind to pre-
vent it?   If there was nothing to have led the super-
visors to anticipate that such a thing was reasonably
likely to happen at that point, then they were not bound
to erect a barricade.   If they should have anticipated
that, they should have guarded against it, by erecting
guard-rails and the failure to do so would be negligence.
That is a question you must determine from all the evi-
dence."   And further, in regard to the alleged contribu-
tory negligence of the plaintiff, "Was the danger in
traveling back over that road in that condition so obvi-
ous that a man of ordinary care and prudence would not
have attempted to travel back the road in that condition.
If it was, then the plaintiff was guilty of contributory
negligence in attempting to come back over it.   But un-
less the road was in such a condition that a man of or-
dinary care and prudence would not have attempted to
travel back over it, then the plaintiff was not guilty of
contributory negligence in going home.   He was not
bound to stay up there in the country until that road
dried.   He had a right to come back.   Men are not
obliged to stay off the public roads because they happen
to be slippery.   But if the danger to him in attempting
to come back over that road was so obvious that a man

of ordinary care and prudence would not have under-taken it, he was guilty of contributory negligence; if it was not true, then he was not guilty of contributory negligence."

The assignments of error are overruled, and the judgment is affirmed.