## Chanin, Admrx., *v.* Master, Admrx. (et al., Appellant).

Argued April 20, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Thomas E. Comber, Jr.,* for appellant.

*Maurice E. Cohen,* with him *Mareline McElwee,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, June 29, 1942:

This action in trespass grows out of the same accident as is involved in the cases of *Kotlikoff v. Master et al.* and *Dershawitz v. Goldstein's Fruit & Produce, Inc., et al.,* disposed of in one opinion handed down this day, 345 Pa. 258. Suit was originally instituted by Frances Chanin, who was also one of the five guest passengers in the Master car, against Master's administratrix, but upon her death prior to trial, as a result of her injuries, Sylvia Chanin, administratrix of her estate, was substituted of record. Goldstein's Fruit & Produce, Inc., was brought upon the record as additional defendant and the case proceeded to trial, with the result that the jury found in favor of Master's administratrix, original defendant, but returned a verdict against the additional de-

fendant, Goldstein, in the sum of $4,490. Goldstein filed a motion for judgment n. o. v. on the whole record, which the court en banc refused, after argument, and judgment was entered upon the verdict. From the judgment so entered, Goldstein now appeals, contending that the refusal of its motion for judgment was error.

In its opinion, the court below states: "We refused the motion for judgment non obstante veredicto because there was evidence to justify the jury's conclusion that the defendant's truck was being operated at an excessive and negligent rate of speed in view of the conditions existing at the time of the accident." The evidence referred to by the court consists of testimony that the Goldstein truck was traveling from 40 to 50 miles per hour, as it descended Devon Hill, given by one Dickerson, an automobile mechanic, who observed the truck and its movements for a distance of 300 feet prior to the accident, from where he was standing on the highway, 150 feet east of the place where the accident occurred, and of similar testimony given by two other witnesses, Dershawitz and Pinsky, two of the surviving passengers in the Master car. Appellant concedes that this evidence differentiates the present case from *Master v. Goldstein's Fruit & Produce, Inc.,* 344 Pa. 1, as the court below held, but urges, as its sole contention, that the conditions for observation by the witnesses were not sufficiently favorable to qualify them to testify to the fact of speed, and, that with this testimony excluded it is entitled to judgment n. o. v. under the *Master* decision. For the reasons stated at length in answer to a similar argument advanced by appellant to defeat a recovery in the *Kotlikoff* and *Dershawitz* cases, we are of opinion that this contention cannot be sustained.

Judgment affirmed.