ADA MAUDE MILLER v. PUBLIC SERVICE RAILWAY COMPANY.

Argued June 4, 1912—Decided February 13, 1913.

The words "actual dependents" as used in section 12 of "An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment, establishing an elective schedule of compensation, and regulating procedure for the determination of liability and compensation thereunder," approved April 4th, 1911 (*Pamph. L.*, *p.* 134), mean dependents in fact. The contrast in the statute is between those who are actually dependent and those who are not dependent.

---

On *certiorari*.

Before Justices SWAYZE, VOORHEES and KALISCH.

For the plaintiff in *certiorari*, *Leonard J. Tynan* and *Lefferts S. Hoffman.*

For the defendant, *John P. Manning.*

The opinion of the court was delivered by

VOORHEES, J.   The question propounded to the court for answer in this case arises under the act entitled "An act pre-

scribing the liability of an employer to make compensation for injuries received by an employe in the course of employment, establishing an elective schedule of compensation, and regulating procedure for the determination of liability and compensation thereunder," approved April 4th, 1911.

The facts in the case are that the petitioner came before the Court of Common Pleas of the county of Essex, and showed that she was the widow of John R. H. Miller, who was employed by the Public Service Railway Company, under a written contract, and that in the course of such employment, he met his death, on the 17th of October, 1911. That besides his widow, the petitioner left a father and certain brothers and a sister. No proof was made of the actual dependency of the father, or of the brothers or sister upon the decedent.

The court held that because the decedent left a father, the widow being childless, it increased the compensation.

Section 12 of the act provides for compensation in case there shall be death, which compensation shall be computed but not distributed on the following basis: *First.* To *"actual dependents."* The compensation shall be distributed, according to the laws of this state providing for the distribution of personal property of an intestate decedent. *Second.* Where there are *"no dependents."*

The court below ruled that the childless widow being left with a father, fifty per cent. of the wages should be allowed, although the case failed to show that the father was in any way actually dependent.

It seems to me that the contrast in the statute is between those, who are actually dependent, that is, dependent in fact upon the decedent, and those who are not dependents.

Actual dependency, to my mind, means dependence in fact, and is a question of fact, and the enumeration of certain persons after this heading should not be held to place them in the relationship of *actual* dependents. Their enumeration after these words indicates that they must bring themselves by proof into dependency in fact as distinguished from theoretical dependency, otherwise the words are superfluous. The act not only prescribes the employer's liability, but sets

out an elective schedule of compensation. It excludes in section 12 (1) "incapacitated brothers or sisters," and in section (2) of the same act includes "orphans or other children," except those under sixteen years of age. It thus appears that at least theoretical compensation is the object of the statute. The statute plainly marks the contrast not between dependents and no dependents, but between *actual* dependents and no dependents.

The ruling of the Court of Common Pleas was made in error, and for this purpose the finding should be reversed.