WILLIAM E. HAVEY, ADMINISTRATOR, &c., OF GARRET HAVEY, DECEASED, DEFENDANT-RESPONDENT, v. ERIE RAILROAD COMPANY, PROSECUTOR-APPELLANT.

Submitted December 6, 1915—Decided March 6, 1916.

Under the Workmen's Compensation act of 1911—*Pamph. L.*, *p.* 139, ¶ 12 (1)—compensation at the rate of twenty-five per centum of the average weekly wages may be awarded to a. father, who is an actual dependent upon a deceased son, the son, a minor, leaving him surviving a father and mother, five minor brothers and four sisters.

On appeal from the Supreme Court, whose opinion is reported in 87 *N. J. L.* 444.

For the prosecutor-appellant, *Collins & Corbin.*

For the defendant-respondent, *George E. Cutley.*

The opinion of the court was delivered by

BLACK, J. The subject under discussion in this case is the amount of compensation to be awarded William E. Havey, administrator, for the death of his minor son, Garret Havey, under the Workmen's Compensation act of 1911. *Pamph. L., p.* 139, § 12 (1). The record shows the following facts: Garret Havey, the son, was employed by the Erie Railroad Company as a brakeman; on February 3d, 1913, he slipped from the top of a car and was killed; at the time of his death he was eighteen years old and living with his father. He brought all his wages home and gave them to his father, who used them in common with his own wages, for the support of the family. He left him surviving a father, a mother, five brothers and four sisters, eight of the brothers and sisters being under fourteen years of age. The entire family lived together. The Common Pleas Court awarded, as compensation, sixty per centum of the average weekly wages to the petitioner, for a period of three hundred weeks. The Su-

preme Court, in reversing the Common Pleas Court, held that the compensation awarded by the trial court was in excess of the amount, permitted by paragraph 12, section 2 (1) of the act of 1911, and directed compensation to be awarded to the petitioner, upon the basis of fifty per centum of the average weekly wages of the deceased son. The decision of the Supreme Court was based upon two clauses of paragraph 12, section 2 (1) of the act of 1911, viz.: "If widow and father or mother, fifty per centum of wages," and "if grandparents, grandchildren, or minor, or incapacitated brothers or sisters, twenty-five per centum of wages." Twenty-five per centum was allowed by the Supreme Court under each of these paragraphs, making fifty per centum in all.

We think this method of computation is not authorized or permitted by the statute; that the judgment of the Supreme Court in this respect is error. In the case of *Blanz* v. *Erie Railroad Co.*, 84 *N. J. L.* 35, affirmed by this court, 85 *Id.* 367, it was held that twenty-five per centum of the wages may be awarded as compensation to a mother, who is an actual dependent, upon a deceased son, although the son leaves no widow. The underlying principle, on which this paragraph of the statute is based, is actual dependency; that such is its meaning is to be extracted from a reading of the statute. Dependency is a question of fact, and so held by our courts. *Miller* v. *Public Service Railway Co.*, 84 *Id.* 174; *Muzik* v. *Erie Railroad Co.*, 85 *Id.* 129; 86 *Id.* 695.

It is argued in the appellant's brief, and we think the argument is sound, that the brothers and sisters were not legally dependent upon the deceased—they were not dependent upon him in fact, merely because their father was helped by him to support them, they are not within the class provided for by the statute. They, doubtless, did derive some benefit from their brother's wages, through the father's disbursements of the family fund, but that does not make them dependent in fact upon their brother. Benefit and dependence are not synonymous words. The fact that the father used the son's wages to help support the family did not make the family any the less dependent, both legally and actually, upon the

father.   The father was legally entitled to the son's wages, he being a minor, but the ground on which the statute awards compensation is dependence in fact, not legal relationship.

The British act recognizes "the members of the workman's family as were wholly or in part dependent," and the British cases illustrate this feature of the statute, recognizing the family as such, while our act does not recognize the family as a unit, but individuals, or groups of individuals, when actually dependent in fact.   To come within our act, the individuals named therein must be actually dependent, not on a common family fund, but upon the deceased.   Who is actually dependent is a question of fact under our cases.

We think compensation, under the facts in this case, can be made to the father only, under the clause of the act which provides "if widow and father or mother, fifty per centum of wages," and, under the Blanz case above cited, twenty-five per centum of the wages is the correct percentage.   This view is somewhat strengthened by a comparison of the act of 1911, above cited, with the act of 1913, page 305, which amends paragraph 12 (1) by substituting an entirely new paragraph, in which the word "dependent" is used throughout, thus "for one dependent," "for two dependents," &c.

We also think the points dealt with in the opinion of the Supreme Court, other than the amount of the award of compensation, are correctly decided.

The judgment of the Supreme Court, for the reasons above stated, is reversed, and the record remanded to the Court of Common Pleas of Hudson county to make an award of compensation, in accordance with the views expressed in this opinion.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, GARRISON, TRENCHARD, BERGEN, MINTURN, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ.   11.