MAYOR, ETC., OF JERSEY CITY, PROSECUTOR, v. KATHA-
RINE LOVELL BORST, AS NEXT FRIEND, RESPONDENT.

Submitted June 6, 1917—Decided September 14, 1917.

1. The supplement to the Workmen's Compensation act (*Pamph. L.*
   1913, *p.* 230), which provides "that no person (*i. e.*, employe of
   the state, county or municipality) receiving a salary greater than
   $1,200 per year" shall be compensated, under section 2 of the
   original act (*Pamph. L.* 1911, *p.* 134), applies only to employes of
   the class therein mentioned who were injured. It does not apply
   to cases of death where dependents of employes are affected.
2. The Workmen's Compensation statute is a remedial law of prime
   import; it should be liberally and broadly construed.

---

On *certiorari.*

Before Justices SWAYZE, BERGEN and BLACK.

For the prosecutor, *John Bentley.*

For the respondent, *Richard F. Jones.*

The opinion of the court was delivered by

BLACK, J.    This is a workmen's compensation case.    The
*certiorari* was allowed to review the determination of Judge
George G. Tennant, in the Hudson County Common Pleas.
An award of $10 per week for three hundred weeks was made,
in that court, from May 3d, 1914.    The facts are not dis-
puted.    The point on review and for decision is a pure ques-
tion of law, involving the correct construction of the supple-
ment, approved March 27th, 1913 (*Pamph L., p.* 230), to the
Workmen's Compensation act, which was approved April 4th,
1911.    *Pamph. L., p.* 134.    The first section of that act pro-
vides "every employee who shall be in the employ of the state,
county, municipality * * * shall be compensated under
and by virtue of section 2 to which this act is a supplement;
*provided, however,* that no person receiving a salary greater
than twelve hundred dollars per year, nor any person holding

an elective office shall be entitled to compensation;" section 2: "when any payment shall be due under the provisions of this supplement or the act to which it is a supplement, the name of the injured employee, or in case of his death, the names of the persons to whom payment is to be made as his dependents shall be carried on the pay roll," &c.

It is conceded that the respondent would be entitled to compensation were it not for the proviso in the above supplement. The facts, in brief, are: W. Hudson Lovell, the deceased, was an employe of the mayor and aldermen of Jersey City as an assistant fire chief, or assistant engineer, in the fire department. On May 3d, 1914, while responding to a fire call or alarm he was killed in a collision; he was receiving pay at the rate of two thousand eight hundred and fifty ($2,850) dollars per year. He left him surviving an actual dependent, Helen Katharine Borst, a granddaughter. We think the judgment of the Court of Common Pleas is founded upon the correct construction of the statute and therefore must be affirmed. The reasoning that carries the mind forward to this conclusion may be briefly indicated as follows:

The original Workmen's Compensation act (*Pamph. L.* 1911, *p.* 134) applies to municipal corporations and their employes. *Allen* v. *City of Millville,* 87 *N. J. L.* 356; affirmed, 88 *Id.* 693. Paragraph 19 of the original act (*Pamph. L.* 1911, *p.* 142) provides for the payment of compensation in cases of death. It is significant, if not important, that the title of the supplement, *supra, Pamph. L.* 1913, *p.* 230, is identical in terms with the title of the original act, except "a further supplement to an act entitled;" as stated, it is a supplement to the original act; now the ordinary meaning of the word "supplement" doubtless is a supplying by addition of what is wanting. *Rahway Savings Institution* v. *Mayor, &c., of Rahway,* 53 *Id.* 48. It is a fair argument to say that the supplement applies *only* to employes of the class therein mentioned who are injured. It does not apply to cases of death, where dependents of employes are affected; this would seem to be clear in view of section 2, *supra,* which provides that the

name of the injured employe, "in case of his death, the names of the persons to whom payment is to be made as his dependents, shall be carried upon the pay roll." This construction is not inconsistent but in harmony with section 1 of the 1913, page 230, supplement, *supra*.

A reason for this, if it is the true interpretation of the legislative will, may, perhaps, be found in the fact, that an injured employe of a municipal corporation usually receives his full wages, from the municipality, while incapacitated from personal injuries. It limits the application of section 11 of the original act of 1911, page 134; so that, no injured employe himself, who receives "a salary greater than twelve hundred dollars per year," should be entitled to secure compensation for personal injuries.

In other words, section 1 of the supplement, *supra* (*Pamph. L.* 1913, *p.* 230), deals with a designated class of injured employes, but leaves untouched the provisions of the act relating to dependents, when death ensues. What was so aptly said by Judge Vredenburgh, speaking for the Court of Errors and Appeals, in the case of *Beagle* v. *Lehigh, &c., Coal Co.,* 82 *N. J. L.* 707, 710, applies to the construction of the workmen's compensation statute. This law, it will be noted by a reference to its terms, is a remedial law of prime import, and should be liberally construed. It should be broadly construed. To a like effect is the case in the Supreme Court of Errors of Connecticut. *Powers* v. *Hotel Bond Co.,* 89 *Conn.* 143; 93 *Atl. Rep.* 247.

The judgment of the Hudson County Court of Common Pleas is affirmed, with costs.