CAROLINE SCHMID, RESPONDENT, v. STANTON FORGING COMPANY. INCORPORATED, ET AL., APPELLANTS.

Argued May 2, 1928—Decided May 18, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the proscutors, *Ralph N. Kellam.*

For the respondent, *Waddington & Mathews.*

The opinion of the court was delivered by

BLACK, J. A review in this case is sought of an award made of compensation by a deputy commissioner in the workmen's compensation bureau. The award was affirmed by the Camden County Court of Common Pleas. The award for compensation was to the widow and petitioner, Caroline Schmid, of seventeen dollars ($17) per week for a period of three hundred weeks from the 12th day of March, 1926, one hundred and fifty dollars ($150) funeral expenses. Petitioner to be paid all arrearages now due in a lump sum. Five hundred dollars ($500) counsel fee and two hundred and twenty-three dollars and twenty-five cents ($223.25) costs of suit.

The facts on which the award is based are not in dispute. The sole contention of the prosecutors is based upon the construction and application of the Workmen's Compensation act of *Pamph. L.* 1911, *p.* 134, as amended by *Pamph. L.* 1923, *pp.* 101, 106, § 12, subsection G. The prosecutors con-

tend that the award should be amended to provide for an order of one-fifth of $17 per week, &c., based upon partial dependency.

The words of the statute out of which the contention arises are "dependents," "wholly dependent." "The foregoing schedule applies only to persons wholly dependent, and that in case of persons only partially dependent, except in the case of the widow and children, who were actually a part of the decedent's household at the time of his death, the compensation shall be such proportion of the scheduled percentage as the amount actually contributed to them by the deceased," &c.

Prior to the act of *Pamph. L.* 1923, *p.* 101, there was no provision for partial dependency of any kind. This provision of the statute does not seem to have been under judicial scrutiny by the appellate courts in this state. There are two well-considered opinions filed in the case, one by Charles E. Corbin, the deputy commissioner, and one by Judge Samuel M. Shay of the Court of Common Pleas of Camden county, in which both tribunals held that the petitioner, Caroline Schmid, the wife of the decedent, was totally dependent upon the decedent for support at the time of his death. With this conclusion of the trial court we agree.

The facts, as found by the deputy commissioner, which, as stated above, are undisputed, are as follows:

The decedent deserted his wife, the petitioner, sometime in 1921. Then petitioner went to live with her oldest son, where she has resided since that time. The petitioner, shortly after the separation, took legal proceedings in the courts of Berks county, Pennsylvania; as a result thereof an order for support was made by the court requiring the decedent to pay the petitioner $10 a week for the support of herself and her minor son, Carl. Decedent paid the $10 a week intermittently, finally left Pennsylvania, and, he having been located in New Jersey, extradition proceedings were taken by the authorities in Pennsylvania, he was brought back to Berks county in that state. This was shortly after the beginning of 1925. Arrangements with regard to the arrearages under the order having been made, the case was then transferred to the Municipal Court of Philadelphia, in

which city the petitioner was living, the latter court made an order for support of $10 a week to be paid by the decedent to the petitioner and their minor son, Carl. This $10 a week the decedent paid regularly down to the time of his death. At the time of his death the petitioner was living with her eldest son, Ernest, in Philadelphia. The moneys received from the decedent under this order were unquestionably used in conjunction with other moneys supplied by Ernest for the support of the petitioner, her minor son, Carl, Ernest and his wife, who constituted the household.

The fact of the employment of the decedent by the respondent is admitted, as is also the accident arising out of and in the course of the employment, the death, as a result of the accident, March 12th, 1926, and the amount of wages, to wit, $50 per week.

The sole question for solution, therefore, is did the amendment (*Pamph. L.* 1923, *p.* 101) so change the act as to take the petitioner and widow out of the class of total dependents and place her in the class of partial dependents? If so, the meaning of the statute must be clear and unequivocal, because the Workmen's Compensation statute is a remedial law of prime import. It should be liberally and broadly construed. *Mayor, &c., Jersey City* v. *Borst,* 90 *N. J. L.* 454. It may be conceded the statute is somewhat vague. The prosecutors' contention is based primarily upon the fact that the amount of compensation, which the widow received under the order of the Pennsylvania court determines her status as a total or partial dependent; this is manifestly unsound, because as a wife she does not necessarily cease to be wholly, *i. e.,* legally dependent on her husband simply, because he refuses or fails to perform his entire marital obligation as a husband. It would be quite different if it appeared that the wife voluntarily asserted and definitely maintained her complete independence of her husband. A critical examination of the statute reveals the fact that it does not attempt to define what either total or partial dependency may be. No standard is set up from which the meaning of these words may be determined as used in the statute.

The statute says—first, the term "dependents" shall apply to and include any or all of the following, who are dependent upon the deceased at the time of the accident or death, namely, husband, wife, &c. Dependency shall be conclusively presumed as to decedent's widow, &c. The foregoing schedule applies only to persons wholly dependent, and that in case of persons only partially dependent, *except in the case of the widow and children, who were actually a part of the decedent's household at the time of his death,* the compensation shall be such proportion of the scheduled percentage as the amounts actually contributed to them by the deceased for their support constituted of his total wages.

The prosecutors attempt to make the statute read, a widow is partially dependent if she is not actually a part of the decedent's household at the time of his death. If this was the intention of the legislature, it should have said, and probably would have said so, in express and unequivocal language. If the petitioner is an actual dependent she must in law be a total dependent. The degree of her dependency, as a fact, ought not to be fixed by the ability of her husband to avoid the discharge of his legal obligations under this statute. She is either, therefore, to use the words of the respondent's brief, a complete wife and totally dependent, or no wife at all and not dependent at all.

So far as her rights under the statute are concerned, her actual dependency is based upon her legal dependency, plus her assertion of such legal dependency. It certainly cannot depend upon the amount a court chooses to give her or her husband chooses to pay, even though she is not actually a part of the decedent's household at the time of his death. The court in granting the wife $10 a week for her support did not say that she was a partial dependent.

We therefore think the judgment of the Court of Common Pleas of Camden county, affirming the award of compensation in the workmen's compensation bureau, should be affirmed and the writ of *certiorari* dismissed, with costs. Such is the judgment of the court.