JOHN BODNARIK, ADMINISTRATOR AD PROSEQUENDUM, RESPONDENT, v. EMPIRE FLOOR AND WALL TILE COMPANY, APPELLANT.

Submitted February 13, 1931—Decided October 19, 1931.

For the appellant, *Kellogg & Chance.*

For the respondent, *David T. Wilentz.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This is an appeal by the Empire Floor & Wall Tile Company from a judgment of the Supreme Court affirming a judgment of the Court of Common Pleas which approved an award made by the workmen's compensation bureau.   The proceeding before the compensation bureau was instituted by the administrator *ad prosequendum* of John Tirpak, who lost his life in September, 1926, while engaged in the service of his employer, the present appellant, to recover the compensation due to decedent's wife under the workmen's compensation statute.   The petitioner was awarded by the compensation bureau the full amount allowed by the statute to a wife wholly dependent upon the decedent.

The ground upon which the Empire Floor & Wall Tile Company bases its appeal is that this award was not justified by the workmen's compensation law as amended in 1923. The amended statute provides that dependents shall receive thirty-five per cent. of the wages of the decedent for a specified period, and that the word "dependents" shall apply to certain designated relatives, including the wife of the decedent, and then declares that this provision shall apply only to persons wholly dependent upon the deceased, and that in the case of persons only partially dependent, except in the case of the widow and children of the deceased, who are actually a part of his household at the time of his death, the compensation shall be such proportion of the percentage as the amounts actually contributed to them by the deceased for their support bear to his total wages.   The proofs submitted by the petitioner to the workmen's compensation bureau showed that the decedent and his wife were natives of Czecho-Slovakia; that deceased left his home there some years before his death, and came to this country and obtained employment in the factory of the appellant; that his wife remained in her native land and continued to live there until the death of the husband, partly supporting herself by her own labor and receiving from him as a contribution to her support the sum of $1.50 a week.

Although as a general proposition it is true that, by reason of the marital relation, a wife is entitled to complete support from her husband, the statute referred to recognizes the fact that such complete support is not always furnished, and that the wife very frequently partially supports herself. When that situation exists, of course, the wife is not wholly dependent upon the husband for her support, but only partially so, and in such cases, by the express words of the statute, she is not entitled to the full compensation provided thereby to a dependent unless at the time of the husband's death she was actually a part of his household. In the present case under the facts stated, it is clear that the wife of the decedent was only partially dependent upon the husband for her support, and that she was not a member of his household at the time of his death, and, by the express language of the statute, she, therefore, is not entitled to the full thirty-five per cent. of the wages which her husband was receiving at the time when he lost his life.

For the reason stated, we conclude that the judgment under review should be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, LLOYD, CASE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ.   11.