MARGARET POWER FAY, PROSECUTRIX, v. JOHN WAL-
DRON CORPORATION, RESPONDENT.

Submitted May 15, 1936—Decided September 29, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and
PERSKIE.

For the prosecutrix, *Edwin Joseph O'Brien.*

For the respondent, *Franklin Marryott.*

BROGAN, CHIEF JUSTICE. This writ of *certiorari* brings
up for review a judgment of the Union County Court of Com-
mon Pleas in a compensation case, reversing the findings of,
and reducing the award made by, the deputy commissioner in
the Compensation Court.

The only question in dispute is the amount that should be
allowed to the dependent children of the decedent. The other
elements necessary to make out a claim for compensation,
namely, that the deceased was an employe of the defendant

and that he met his death in an accident arising out of and in the course of his employment are admitted.

The death of the employe occurred on March 31st, 1934. Two children under sixteen years of age survived him. His wife, mother of these children, had died some years before.

Only one witness, the aunt of these children with whom they lived, testified at the hearing in the compensation bureau. From her testimony, it appears that after the death of his wife the decedent took up his abode with this witness, his sister, at Bound Brook, New Jersey, where she maintained a home for him and the children. It appeared during this interval, while he had employment, he provided for the children and his sister by contributing $20 a week to their support. He then found himself out of employment and was unable to get steady work for approximately two years, when he found regular employment with the defendant at New Brunswick, New Jersey. Meanwhile the sister of decedent married and her husband and she moved to Dunellen, New Jersey. They took decedent's children with them. Apparently it was not convenient for decedent to commute between Dunellen and New Brunswick daily, so he lived in a small hotel at New Brunswick and came to his sister's house in Dunellen at the end of each week. Her testimony further showed that he kept his clothes and other personal effects in her home and that she laundered his clothes and mended them when necessary; that he purchased clothes and other necessities for the children, gave them their spending money amounting to about a dollar between them each week, and paid his sister $5 for their support.

At the time of his death the deceased was earning $28.80 per week.

The deputy commissioner in the bureau found as a fact that at the time of the accident and death the children were part of the decedent's household, were solely and totally dependent upon the decedent for support within the meaning of the statute and that "temporary, economic conditions causing temporary vicissitudes do not, under the facts set forth in this case, change the statute of the relationship of full

dependency under the act." He allowed forty per cent. of the wages of the deceased for the support of both children up to September 29th, 1935, at which time the infant boy would become sixteen years of age, and thirty-five per cent. for the support of the minor daughter up to and including July 16th, 1938, at which time she would reach the age of sixteen.

The Common Pleas Court, on appeal, reversed the finding of the deputy commissioner as to the dependency of these children; found that they were partial dependents only and were not part of decedent's household at the time of the death; that the deceased contributed $5 a week to their support; allowed forty per cent. of the $5 item for the support of both, or $2 per week while they were under sixteen years, and twenty-five per cent. of $5 or $1.25 a week for the support of the younger child until she reached the age of sixteen.

The provision of the Workmen's Compensation act, pertinent to the question before us, is section 12-g of the statute, which reads as follows:

"The term 'dependents' shall apply to and include any or all of the following who are dependent upon the deceased at the time of accident or death, namely: husband, wife, parents, step-parents, grandparents, children, step-children, grandchildren, child in esse, posthumous child, illegitimate children, brothers, sisters, half-brothers, half-sisters, niece, nephew. Legally adopted children shall, in every particular, be considered as natural children; provided, however, that dependency shall be conclusively presumed as to the decedent's widow and natural children under sixteen years of age who were actually a part of the decedent's household at the time of his death. * * *" *Cum. Supp. Comp. Stat., p.* 3876.

The inquiry therefore is limited to whether these children under sixteen years of age were actually a part of the decedent's household at the time of his death.

Household is defined as follows: "Those who dwell under the same roof and constitute a family."—Webster. "But it

is not necessary that they should be under a roof or that the father of the family be with it if the mother and children keep together so as to constitute a family." *Woodward* v. *Murray*, 18 *Johns.* (*N. Y.*) 402. See *Bouvier* (*Rawle's 3d Rev.*) 1462.

It has been said time and again that the workmen's compensation statute is a remedial law and that it should be liberally and broadly construed (*Jersey City* v. *Borst*, 90 *N. J. L.* 454; 101 *Atl. Rep.* 1033; *Schmid* v. *Stanton Forging Co.*, 104 *N. J. L.* 471; 142 *Atl. Rep.* 4); that it is a wholesome and humane piece of legislation. *Lazzio* v. *Primo Silk Co.*, 114 *N. J. L.* 450; 177 *Atl. Rep.* 25; 115 *N. J. L.* 506; 180 *Atl. Rep.* 881.

Parenthetically, we observe that it cannot be gainsaid but that the infant children were in fact totally dependent upon their father, who had the moral and legal duty to support them. The gratuitous help given by their aunt should not be a bar to their claim of total dependency if in fact they were totally dependent upon their father, and this seems to us to be so. The aunt had no legal obligation to either house or care for them but, as stated above, the question is whether, under the statute, they were actually a part of decedent's household at the time of his death.

In the course of his determination, the Common Pleas judge stated that he could not agree with the idea that there could be two households in this one home in Dunellen. For our part we see no inconsistency whatever in that proposition. Under the facts in this case it is clear that the Dunellen residence could unquestionably be found to be the legal residence of the decedent. The rooming hotel in New Brunswick, under the testimony, seems to have been a place where he found it convenient to live during the working days of the week but he returned to his children on the week-end. The mother of these children being dead, it was quite natural and is in fact a matter of common experience that a father would place his children under the care of his sister, particularly since, as here, she had no children of her own.

The place of abode might lack some of the formal con-

comitants that usually are found in a home and still, as we think, be one's household, as intended by the statute. Quite conceivably, a single room might be made out to be a perfect household in a legal sense. It isn't necessary that those who are entitled to call an abode their household should be in sole control of it. The household might be in a boarding establishment or a hotel, and so we conclude it might be in the home of an aunt, as here, although the deceased or his children had no right to strict dominion over it. The home in question was the place which the father chose, or perhaps was compelled to select as an abode for his children because of economic conditions or the fact that he could not find a better or safer place for them while he was engaged in his work some distance away. The establishment need not have the formality of a home as the phrase is usually understood.

In construing the statute, therefore, and having in mind that it should be liberally and broadly construed, we conclude that the judgment of the Common Pleas was erroneous. We have reviewed the facts as it is our duty to do under the statute (*certiorari*) and we conclude that the household of the petitioner, who is the guardian of the minor children, was, within the meaning of the statute, likewise the household of the decedent and that of his minor children, and that the award made in the compensation bureau was the correct one and should be reinstated.

The judgment of the Common Pleas Court is, therefore, reversed, with costs.