ELSIE COMPARRI AND LORRAINE COMPARRI, RESPOND-
ENTS, v. JAMES READDING, INCORPORATED, PROSE-
CUTOR.

Submitted October term, 1936—Decided March 31, 1937.

Before Justices PARKER and LLOYD.

For the prosecutor, *Franklin J. Marryott.*

For the defendants, *Thomas G. Tuso.*

LLOYD, J. The single question presented in this case is
whether the daughter of Louis Comparri, who lost his life
by drowning while in the employ of the prosecutor, is entitled
to compensation on the basis of total dependency within the
meaning of paragraph 12, subsection G of the Workmen's
Compensation act as amended in 1923, page 106.

The deceased left a wife and a daughter, born December
24th, 1922. He had been separated from them for several
years, had contributed no support to his wife and had con-
tributed to his daughter only under compulsion of a court
order procured at the instance of the wife. The proofs
showed that this order was not fully complied with, deceased
at the time of his death being in arrears but keeping up the
current payments of $5 per week.

During this period of separation the deceased lived in
various places in the state, part of the time with another
woman as his wife in Wildwood, but always separated from
his wife and daughter. An award was made on a basis of
full dependency and this we think was error.

Respondent relies upon the case of *Schmid* v. *Stanton Forge Co.,* 104 *N. J. L.* 471; 142 *Atl. Rep.* 4, where a separation quite similar to the present existed, and also on the case of *Fay* v. *Waldron Corp.,* 117 *N. J. L.* 123; 187 *Atl. Rep.* 140. Fay *v.* Waldron Corp. we think is not in point. In that case the family relation was not interrupted. The children of the claimant boarded with an aunt and were supported by the aunt and the father, the father in his lifetime boarding in another city where his work called him, but spending his week-ends with his children. There the family relation was maintained. Here it was wholly broken.

*Schmid* v. *Stanton Forge Co., supra,* presented facts closely analogous to those here involved, but we think the case which was in the Supreme Court was definitely overruled in *Bodnarik* v. *Empire Floor Co.,* 108 *N. J. L.* 75; 156 *Atl. Rep.* 450. In the latter case the husband and wife were natives of Czecho-Slovakia. The husband left his home there some years before his death and came to this country and secured employment. The wife remained in her native land until the death of her husband and was partly supported by herself and partly by contributions from her husband. It was held that the wife·was entitled to partial support only. The Bodnarik case had been previously considered by the Supreme Court (8 *N. J. Mis. R.* 718; 151 *Atl. Rep.* 908) which on the authority of the Schmid case, cited by it, made an award as of a total dependent. But the Bodnarik case was reversed on appeal, and that reversal necessarily overruled the Schmid case, even though it was not mentioned by the appellate court.

The judgment is reversed, and the record remanded for further proceedings.