New Jersey Department of Labor,
Workmen's Compensation Bureau.

LOUIS ZUGA, PETITIONER, v. FORD MOTOR COMPANY, RESPONDENT.

Decided August 10, 1937.

For the petitioner, *James J. Skeffington*.

For the respondent, *McCarter & English* (by *Herbert R. Baer*).

A formal petition for increased disability having been filed in this matter, and an answer having been filed thereto, and the matter coming on for regular hearing before John C. Wegner, referee, and a motion to dismiss the present petition on the grounds that this bureau was without jurisdiction to hear the matter, since same was *res adjudicata,* was made on behalf of the respondent. After carefully considering the arguments of counsel in respect thereto, I am satisfied, however, that this bureau has jurisdiction to reopen the matter, as provided by the statute and under the authority of the case of *Rose* v. *Wagner, 2 N. J. Mis. R.* 118. I originally sat in the trial of the first hearing of this matter and I feel quite satisfied that the case is one in which the bureau has jurisdiction, inasmuch as it was originally determined that the petitioner herein had suffered a compensable injury as a result of an accident arising out of and in the course of his employment and that the question of increased disability or

incapacitation not having come before the bureau at that time, it is, of course, not *res adjudicata*.

As the Supreme Court pointed out in the case of *Tucker* v. *Beltramo, Inc.*, 117 *N. J. L.* 72; 186 *Atl. Rep.* 821, the judgment of the bureau is final and conclusive as to all questions of law and fact thereby determined, including those involving jurisdiction, the right to compensation and the nature and extent of the existing disability, subject only to the continued jurisdiction to modify the award of compensation to agree with a subsequently occurring increase or diminution of the injury flowing from the established compensable injury. See, also, *United Engineers and Constructors* v. *Thomas Anderson*, 14 *N. J. Mis. R.* 799; 187 *Atl. Rep.* 363, where it was held that:

"Earlier adjudication in workmen's compensation case held, only *res adjudicata* as to issues then determined but not on question of subsequent increased disability."

The original determination in this case established a compensable injury. The trauma or sprain caused an aggravation at the point of the kink of the ureter. I formerly was of the opinion that this aggravation was only of a temporary nature, subsequent developments have proven this conclusion to be incorrect. Instead of clearing up, as the physicians all hoped, the condition of the petitioner has gotten manifestly worse and his incapacity increased. The case is certainly one that should be reopened to carry out the beneficient purposes of the act. As Chief Justice Brogan, in the recent case of *Fay* v. *John Waldron Corp.*, 117 *N. J. L.* 123; 187 *Atl. Rep.* 140 (at *p.* 142), said in part:

"It has been said time and again that the workmen's compensation statute is a remedial law and it should be liberally and broadly construed (*Jersey City* v. *Borst*, 90 *N. J. L.* 454; 101 *Atl. Rep.* 1033; *Schmidt* v. *Stanton Forging Co.*, 104 *N. J. L.* 471; 142 *Atl. Rep.* 4) ; that it is a wholesome and humane piece of legislation. *Lazzio* v. *Primo Silk Co.*, 114 *N. J. L.* 450; 177 *Atl. Rep.* 251; *Id.* 115 *N. J. L.* 506; 180 *Atl. Rep.* 881."

Considering the records and the testimony of the physicians at that time, since all the records of that proceeding

are before me as part of this proceeding, it is quite apparent that the physicians were hopeful that the operation which was intended to correct the physical disability and incapacity of the petitioner would work out successfully, but unfortunately it did not. On the contrary, the proofs adduced show that it has become necessary since the last hearing for the petitioner to receive treatment for the continued complaints of injury and pain to his back, and it has become necessary for him to receive increasingly frequent catherizations for the relief of his urethral difficulty.

I have carefully considered the testimony of Drs. Tyndall and Dr. Choffey, as well as the previous testimony of Dr. Ruoff, which establishes that the petitioner suffered a compensable injury to his back and to his right side at the time this accident occurred. I have further considered the testimony of Dr. Daly, the urologist who originally performed the operation upon the petitioner and who frankly testified at this hearing that the results had not been all that he expected, and that petitioner's condition had become worse since the last hearing. I have considered the testimony of the petitioner and his wife with respect to the changed mental and physical attitude of the petitioner. I am definitely satisfied that his disability has become greater. I have considered the testimony of Dr. Dowd, Dr. Vanderhoof, and particularly Dr. Abels, physicians appearing on behalf of the respondent, and I feel that the testimony of Dr. Abels to a large extent substantiates the contention of the petitioner that the urethral condition from which he suffered has manifestly become worse. This condition is undoubtedly extremely painful and debilitating and in addition the frequent catherizations, all of which are excruciatingly painful, have had a detrimental effect upon the man's general health and nervous system, to say nothing of the fact that the inflamed condition of the urethra, as testified to by the doctors, makes it apparent that the petitioner's condition has steadily grown worse and that in all probability repeated periodic catherizations will be necessary to relieve the petitioner during the remainder of his life.

I feel, therefore, after carefully considering all the facts adduced before me, that the petitioner has sustained the burden of proving increased disability, and I feel satisfied that his existing permanent disability is fifteen per cent. of total.