HAZEL D. ALEXANDER, PROSECUTRIX, v. CUNNINGHAM ROOFING COMPANY, INC., A CORPORATION, RESPONDENT. ·

Submitted October 8, 1939—Decided February 6, 1940.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutrix, *S. Martin Mandon* (*Nathan Rabinowitz,* of counsel).

For the respondent, *Clarence B. Tippett.*

The opinion of the court was delivered by

PERSKIE, J. The question we are called upon to decide in this workmen's compensation case is whether the determination by the bureau that the prosecutrix was totally dependent upon her deceased husband at the time of his death is correct, or whether the determination by the Pleas that prosecutrix was neither totally nor partially dependent upon her deceased husband at the time of his death, is correct.

James Alexander, husband of prosecutrix, petitioner below, was employed by respondent as a roofer. It is conceded that he died on January 15th, 1936, as the result of an accident which occurred on that day, and that the accident arose out of and in the course of his employment.

Upon the issue first stated as requiring decision, the proofs disclose that prosecutrix and her husband were married on October 20th, 1929. Prosecutrix continued to work, as she did prior to her marriage, in order financially to assist her husband who was only seasonally employed. For about two years their marital relations were free from friction. Then the husband apparently became an addict to liquor. The resultant consequences were that he became a drunkard, he was physically violent, and abusive; he became infatuated with another woman, and he was otherwise indiscreet. As a result thereof, prosecutrix was compelled to and did separate herself from her husband in 1933. She continued to work and at the time of his death was earning $13.50 a week.

Prosecutrix was apparently possessed with a deeply rooted concept of her marital obligations toward her husband. For, although separated from him at the time of his death and constituting no part of his household at the time, she tried again and again, from the day of their separation to the day of his death, to persuade him to change the error of his ways, offering to resume their marital relations if he would do so. But notwithstanding the fact that he did not question the *bona fides* of her pleas, he remained adamant; he refused to change his unjustifiable and wrong ways of life.

Then, too, during their separation and up and until the day of her husband's death, prosecutrix continually tried to obtain (without aid of court) support from her husband. And when

her husband had it to spare, which was not very often, he would give her small sums of money ranging between $1 and $10 at a time. For example, he gave her some money to to extract a tooth, to buy a pair of shoes and some dresses, &c.

In this state of the proofs, the bureau, on August 28th, 1936, determined that prosecutrix' husband, in January, 1933, repudiated "all marital obligations to her" without fault on her part; that prosecutrix "never acquiesced" in her husband's repudiation; that prosecutrix "never voluntarily relinquished her marital right to support" but on the contrary "never ceased to look to her husband for support;" that she was in fact "totally dependent upon her husband at the time of his death;" and that, therefore, "she was actually dependent upon her husband at the time of his death within the meaning of the statute." Accordingly prosecutrix was awarded compensation as a total dependent.

On appeal to the Passaic County Court of Common Pleas, that court, on May 20th, 1938, reversed the judgment of the bureau. The reversal is based upon the principle that dependency is a matter of fact to be determined by the proofs, and that the proofs here fail to justify the judgment of the bureau. In reaching that result, the court conceded that prosecutrix' separation from her husband was "quite possibly for justifiable cause;" but she "slept on her rights" to enforce her claim for legal support; that she supported herself without "material assistance" from her husband; that while prosecutrix may have harbored an "optimistic hope" for future support, that all this was "hardly enough;" that prosecutrix "consented to and acquiesced in the separation;" and that, therefore, prosecutrix was neither a total nor partial dependent within the language or meaning of the statute.

The writ of *certiorari* brings up for review the propriety of the respective judgments. Our problem is, as already observed, to decide which judgment is correct.

We desire, at the outset, to mark the fact that although prosecutrix filed her claim petition for compensation on February 5th, 1936, the bureau, the Pleas, and counsel for the respective parties assumed that *Pamph. L.* 1923, *ch.* 49, *p.* 106, § 2, *subdivision* (*g*), was controlling. The reason for

that assumption is not made to appear. But since *Pamph. L.* 1928, *ch.* 135, *p.* 286, § 2, the act actually controlling, is, so far as is here pertinent, similar to the act of 1923, *supra,* we shall consider and determine this cause upon the theory adopted and pursued below. *Cf. Lastowski* v. *Lawnicki,* 115 *N. J. L.* 230, 234; 179 *Atl. Rep.* 266.

*Pamph. L.* 1923, *supra,* provides in part, as follows:

"The term 'dependents' shall apply to and include any or all of the following who are dependent upon the deceased at the time of accident or death, namely: * * * wife * * * dependency shall be conclusively presumed as to decedent's widow * * * actually a part of the decedent's household at the time of his death * * *. The foregoing schedule applies only to persons wholly dependent, and that in the case of persons only partially dependent, except in the case of the widow * * * actually a part of the decedent's household at the time of his death, the compensation shall be in such proportion, * * *."

This act has for its source *Pamph. L.* 1911, *ch.* 95, *p.* 139, § 12, as amended by *Pamph. L.* 1913, *ch.* 174, *p.* 305, § 2; *Pamph. L.* 1914, *ch.* 244, *p.* 499, § 1; *Pamph. L.* 1919, *ch.* 93, *p.* 205, § 2; *Pamph. L.* 1921, *ch.* 85, *p.* 140, § 1. (Note, for further amendments, but without material change, *Pamph. L.* 1928, *ch.* 135, *p.* 286, § 2; *R. S.* 34:15-13, *subdivision* (*g*).)

Without detailing the pertinent provisions of all the acts prior to the act of 1923, *supra,* it will answer our purpose if we observe that by the acts of 1911 and 1913, *supra,* dependents were divided into two classes, "actual dependents" and "no dependents." So classified, our courts uniformly held that dependency was a factual question depending upon the proofs of each particular case. *Muzik* v. *Erie Railroad Co.,* 85 *N. J. L.* 129; 89 *Atl. Rep.* 248; *affirmed,* 86 *N. J. L.* 695; 92 *Atl. Rep.* 1087; *Batista* v. *West Jersey and Seashore Railroad Co.,* 88 *Atl. Rep.* 954 (not reported in state reports); *Miller* v. *Public Service Railroad Co.,* 84 *N. J. L.* 174 (at *p.* 175); 85 *Atl. Rep.* 1030; *Jackson* v. *Erie Railroad Co.,* 86 *N. J. L.* 550; 91 *Atl. Rep.* 1035; *Havey* v. *Erie Railroad Co.,* 87 *N. J. L.* 444; 95 *Atl. Rep.* 124; reversed on other

ground, 88 *N. J. L.* 684; 96 *Atl. Rep.* 995; *Hammill* v. *Pennsylvania Railroad Co.,* 87 *N. J. L.* 388; 94 *Atl. Rep.* 313; *affirmed,* 88 *N. J. L.* 717; 96 *Atl. Rep.* 292.

By the act of 1914, *supra,* the classification of "actual dependents" and "no dependents" was eliminated. It, however, continued the provision, as it has been continued ever since, that "the term 'dependents' shall apply to and include any or all of the following who are dependents upon the deceased at the time of the accident or death, namely: * * * wife * * *." It also continued the provision *"that dependency shall be presumed* (italics supplied) as to a widow who was living with her husband at the time of his decease * * *."

By the acts of 1919 and 1923 two material changes were effected. For these acts provide that as to a widow who was actually a part of the decedent's household at the time of his death, her dependency shall be *conclusively* presumed (italics ours), and that as to persons only partially dependent compensation shall be awarded in accordance with the terms and schedule therein provided.

Notwithstanding the stated amendments, it is, in effect, argued here, as it was argued below, that dependency, under the proofs of the case at bar, is still a factual question. That argument can only be sustained, in our opinion, upon the premise that the amendments contemplated no modification in the existing law; in other words, that the legislation was useless. The fallacy of that argument is that it trenches upon the settled principle of law that "there is a presumption against useless legislation. A change in the language of a statute, especially after it has had a settled judicial construction, ordinarily implies a purposeful alteration." *Tucker* v. *Frank J. Beltramo, Inc.,* 117 *N. J. L.* 72, 77; 186 *Atl. Rep.* 821; *affirmed,* 118 *N. J. L.* 301; 192 *Atl. Rep.* 62. What was the purpose of these amendments? It was to enable a widow, in the stated circumstances, more readily to establish her right to that which is justly due her under the beneficent provisions of our Workmen's Compensation act.

But argues respondent, prosecutrix has failed, under the case of *Bodnarik* v. *Empire Floor and Tile Co.,* 108 *N. J. L.* 75; 156 *Atl. Rep.* 450, to establish her dependency. On the

other hand, prosecutrix argues that under the cases of *Schmid* v. *Stanton Forging Co.,* 104 *N. J. L.* 471; 142 *Atl. Rep.* 4, and *Comparri* v. *James Readding, Inc.,* 120 *N. J. L.* 168; 199 *Atl. Rep.* 166, she has established her right as a dependent.

Let us briefly review the cases. In *Schmid* v. *Stanton Forging Co.* (*Supreme Court,* 1928), *supra,* decedent deserted his wife. She went to live with her oldest son. Shortly thereafter the wife instituted proceedings in Pennsylvania where the court made an order of $10 a week for the support of herself and her youngest child. Decedent paid this amount regularly down to the time of his death. The money so received was used in conjunction with other moneys supplied by the oldest son for the support of his wife, his mother and his youngest brother, who constituted his household. The issue was whether decedent's wife was, by virtue of the act of 1923, *supra,* taken out of the class of a total dependent and placed in the class of a partial dependent. For the employer it was contended that the amount of compensation which the widow was receiving under the court order was determinative of her status as a total or partial dependent. The court held that the widow was correctly awarded compensation as a total dependent. The opinion indicates that the court reached its result upon the grounds that where the wife was justified in leaving her husband, has not voluntarily asserted and definitely maintained her complete independence of her husband, but on the contrary, has asserted her claim of dependency upon her husband, she does not lose her status as a total dependent. In the words of the court, "so far as her rights under the statute are concerned, her actual dependency is based upon her legal dependency, plus her assertion of such legal dependency. It certainly cannot depend upon the amount a court chooses to give her or her husband chooses to pay, even though she is not actually a part of decedent's household at the time of his death."

In *Bodnarik* v. *Empire Floor and Wall Tile Co.* (*Supreme Court,* 1930), 8 *N. J. Mis. R.* 718; 151 *Atl. Rep.* 908, the widow was not living with her husband at the time of his death; for some years prior thereto, she was living apart from him in Czecho-Slovakia. Here deceased husband con-

tributed two hundred kronen (about $1.50) a week towards her support. The contention was made that the award to the widow should have been on the basis of a partial dependent and not, as it was made, on the basis of a total dependent. The court sustained the award, on the authority of *Schmid* v. *Stanton Forging Co., supra.*

The judgment of the Supreme Court in the Bodnarik case, *supra,* was reversed by our Court of Errors and Appeals whose decision, relied on by the respondent, is reported in 108 *N. J. L.* 75; 156 *Atl. Rep.* 450. In its reversal the court, through Chief Justice Gummere, gave recognition to the general proposition that a wife, by reason of the marital relations, is entitled to complete support from her husband. But it held that the statute also recognized the fact that such complete support is not always furnished and that the wife very frequently partially supports herself, and concluded that under the facts of that particular case the wife was not entitled to compensation as a total dependent.

In *Comparri* v. *James Readding, Inc. (Supreme Court,* 1937), 15 *N. J. Mis. R.* 307; 191 *Atl. Rep.* 109, a daughter of deceased employe sought compensation on the basis of total dependency. Deceased several years prior to his death left his wife and daughter. He contributed no support to his wife but contributed to his daughter's support by compulsion of a court order. At the time of his death, deceased was in arrears on this order but was keeping up the current payments of $5 a week. An award was made on the basis of total dependency. The court held the award so made was erroneous. It relied upon the decision of the Court of Errors and Appeals in the Bodnarik case which it held overruled the decision in the Schmid v. Stanton Forging Co., case, even though the latter case was not mentioned by the Court of Errors and Appeals.

The judgment of the Supreme Court in the Comparri case, *supra,* was reversed by our Court of Errors and Appeals, whose opinion is reported in 120 *N. J. L.* 168; 199 *Atl. Rep.* 166. That court, through Mr. Justice Donges, held that the dependency of a child upon the father "is not governed in the slightest degree by the amount of money actually con-

tributed to, or expended upon the child. Since the test is dependency and dependency having been established, the statute fixes the amount of compensation without regard to the amount actually expended by the father on his daughter." (*Cf. Fay* v. *John Waldron Corp.*, 117 *N. J. L.* 123; 187 *Atl. Rep.* 140). This reversal necessarily rendered nugatory not only the judgment of the Supreme Court but also all that was said by the Supreme Court as to the effect of the decision of the Court of Errors and Appeals in the Bodnarik case upon the decision in the case of *Schmid* v. *Stanton Forging Co.*, *supra.* Conceding, however, that the last decision of the Court of Errors and Appeals on point is controlling, it will be observed that Mr. Justice Donges for the Court of Errors and Appeals was careful to point out in the Comparri case (at *p.* 171), that the Comparri case "differs from the case of *Bodnarik* v. *Empire Floor Co.*, 108 *N. J. L.* 75." He marks the facts that in the Bodnarik case the widow "did not follow her husband to this country" and that the widow was "maintaining herself almost entirely, as far as appeared, voluntarily."

In light of the consideration thus lastly given to the act of 1923, *supra,* by our Court of Errors and Appeals, it follows that although the wife, as here, was no part of her husband's household at the time he suffered the accident and death, she is, nonetheless, entitled, under certain circumstances, as a matter of law to compensation as a total dependent. What are these circumstances? She must prove that the fact that she was no part of her husband's household at the time of the accident or death was not her fault; that she did not consent to or acquiesce in the separation; that she did not assert her complete independence of her husband; and that she asserted her legal depenency upon him. But when the opposite of the stated circumstances is true and the issue is one of partial dependency, then the issue is purely factual.

We find as a fact that the prosecutrix proved her right as a dependent within the stated requirements. Additionally, the proofs show—we so find—that prosecutrix, in good faith, did her utmost to restore their marital relationship. True she worked; she had no alternative. But by working and

helping herself and her husband she did not lose her legal status as a total dependent.

To hold otherwise would be to lose much that has been slowly but progressively and justly earned for dependents of those who suffer injury or death as the result of an accident arising out of and in the course of their employment. It would, moreover, tend to·capitalize and condone the husband's failure to support his wife even though he be at fault. It would penalize a faithful and helpful wife simply because her husband's conduct made it necessary for her to try to support herself and thus ease her hubsand's obligation to do so. The legislature intended no such result; and we shall not supply it.

The judgment of the Pleas is reversed, and the judgment of the bureau is affirmed, with costs.