ROSELLA KOERNER, PETITIONER-DEFENDANT, v. J. I. HASS CO., INC., RESPONDENT-PROSECUTOR.

Submitted October 1, 1940—Decided March 7, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor of the writ, *James J. Skeffington.*

For the respondent, *Townsend & Doyle* (*Thomas F. Doyle*).

The opinion of the court was delivered by

CASE, J. The writ of *certiorari* brings up a judgment in the Hudson Common Pleas reversing the determination of the Workmen's Compensation Bureau and allowing compensation to the widow of a workman who was fatally injured in an accident arising out of and in the course of his employment. The sole issue is whether the widow was a dependent of the deceased at the time of the accident which the latter sustained on November 15th, 1936. The two were married July 9th, 1910. The marriage contract had not been dissolved by divorce or otherwise at the time of the decedent's death. The facts went before the bureau in a stipulation which, in addition to the matters already stated, provided that:

"The decedent lived with his wife, the petitioner, in Norfolk, Virginia, and left there in 1927 for the purpose of obtaining employment in Jersey City, New Jersey. He was successful in this, and from his earnings sent various sums of money to his wife for a considerable time thereafter. He then discontinued sending any money to the petitioner, who appealed to the Domestic Relations Court of the City of Norfolk, Virginia, for assistance in obtaining support. This court communicated with the Hudson County Probation Bureau of Jersey City, and as a result of the representations made to the decedent, he at irregular intervals sent sums of money to the petitioner.

It is further agreed that after the decedent left Norfolk, the petitioner continued to reside until 1931 with her children, at the home which had been established and maintained by the decedent, and which was located at 918 Peachtree street, Norfolk, Virginia. This was a small two-room house which was owned by the decedent. On account of the house falling to pieces, she was forced to move and went to 832 First View street, where she lived with her children, Catherine, Virginia and Kenneth, until June, 1936, when her

married daughter, Virginia, moved to 1926 Cottage Toll Road and the petitioner also moved so that she could continue to reside with the daughter. That *the petitioner had no source of income whatever at any time other than what she received from the decedent*. It is further agreed that the decedent did not contribute to the maintenance of the household occupied by the petitioner at the time of the decedent's death and that the decedent had not sent any money whatsoever, nor had he contributed directly or indirectly to the support of the petitioner since the early part of the year 1934, but that *the petitioner has never done anything to forfeit her claim on the decedent."* (Italics inserted.)

Since it is stipulated that the petitioner was the lawful wife of the decedent, that she had no source of income whatever other than what she received from him and that she had done nothing to forfeit her claim upon him for support, we conclude that she was wholly dependent upon him. The gratuities of relatives and friends which stood between her and starvation did not alter that dependency.

It was held in *Schmid* v. *Stanton Forging Co.,* 104 *N. J. L.* 471, that a widow was wholly dependent within the meaning of the 1923 supplement to the Workmen's Compensation statute (*Pamph. L.* 1923, *pp.* 101, 106, § 12g) notwithstanding she was living apart from her husband at the time of his death and had been receiving from him a contribution of only $10 per week towards her support. It is argued that that construction of the statute was, to some extent, overruled by the Court of Errors and Appeals in *Bodnarik* v. *Empire Floor and Wall Tile Co.,* 108 *Id.* 75. However, the circumstances of the Bodnarik case permit of distinctions which are drawn in the decisions next herein cited.

The Court of Errors and Appeals in *Comparri* v. *James Reudding, Inc.,* 120 *N. J. L.* 168, held, concerning a child under sixteen years of age who was not a member of the decedent's household at the time of his death, that the test under the Workmen's Compensation statute was dependency and, dependency having been determined, and nothing appearing to the contrary, that the statute fixes the amount of the compensation without regard to the amount actually expended by the father on the child. We discern nothing in the statute to

distinguish prejudically a wife who is dependent and not a member of the decedent's household from a child under sixteen years so circumstanced. The statute, *Pamph. L.* 1928, *c.* 135, *p.* 286, § 2 (now *R. S.* 34:15-13g) directs that dependency shall be conclusively presumed as to the widow and the children under sixteen years of age who were actually a part of the decedent's household at the time of his death and makes separate provision for persons who, with the exception of the widow and children under sixteen years so a part of the household, were only partially dependent. But that is fully consistent with the legal conception of total dependency on the part of the widow and the children within the designated age who were not a part of the household provided the facts are that way.

The Supreme Court, in *Alexander* v. *Cunningham Roofing Co., Inc.,* 124 *N. J. L.* 390; *affirmed,* 125 *Id.* 277, had to do with a case wherein the wife had separated herself from her husband three years before his death because of his misconduct and had individual income consisting of her own weekly wage, $13.50, upon which, supplemented by small and irregular contributions from her husband, she subsisted. It was held that although the wife was not a part of the husband's household at the time of his accident and death she was, because of the circumstances, entitled as a matter of law to compensation as a total dependent, and those circumstances were that her living apart from her husband at the time of the accident or death was not her fault, that she did not consent to or acquiesce in the separation, that she did not assert complete independence of her husband, and that she asserted her legal dependency upon him.

In the case before us we find factually under the stipulation that the separation between the petitioning wife and her husband at the time of his accident and death was not her fault, that she did not assert her complete independence or indeed any independence of her husband and that she did assert her legal dependency upon him. The husband had done the separating.

For the foregoing reasons we are of the opinion that the wife is entitled to be rated as totally dependent.

The judgment of the Pleas will be affirmed, with costs.