This is an appeal from a judgment entered in the Essex County Court in favor of the petitioner in a compensation case. The petitioner had judgment as a total dependent of the deceased. There was as well a judgment in favor of an infant daughter in the same status but this is not the subject matter of appeal.
The appeal is grounded on the proposition that the court below awarded benefits to petitioner total in character rather than as a partial dependent of her deceased husband and that the counsel fees allowed by that court are without statutory authorization and excessive for the services rendered.
The pertinent facts are that the deceased husband of the petitioner sustained an accident that arose out of and in the course of his employment on June 12, 1944, as the result of a fire in the hold of a ship where he was working. His exposure to the fumes incident to the fire induced tuberculosis which proved fatal on July 28, 1948. The argument of learned counsel for respondent with reference to the legal status of petitioner is based on the proposition that because she was working during the period of her husband's disability she was but a partial dependent, and cites as authority for that viewpoint Bodnarik v.Empire Floor Wall Tile Co., 108 N.J.L. 75, in support of this contention. The Bodnarik case involved a situation where the wife of the decedent was living in a foreign country of her own choice and had not been supported for many years by her husband except for *Page 42 
periodic payments in very small amount, the equivalent of what would be $1.50 a week in American money. The facts there are obviously in no way similar to those in the instant case.
Resolution of the primary question as to the status of petitioner as a total dependent revolves around the interpretation of the pertinent section of the statute, 34:15-13g, as follows:
"The term `dependents' shall apply to and include any or all of the following who are dependent upon the deceased at the time of accident or death, namely: Husband, wife, parents, step-parents, grandparents, children, step-children, grandchildren, child inesse, posthumous child, illegitimate children, brothers, sisters, half-brothers, half-sisters, niece, nephew. Legally adopted children shall, in every particular, be considered as natural children. Dependency shall be conclusively presumed as to the decedent's widow and natural children under sixteen years of age who were actually a part of the decedent's household at the time of his death. Every provision of this article applying to one class shall be equally applicable to the other. Should any dependent of a deceased employee die during the period covered by such weekly payments or should the widow of a deceased employee remarry during such period, the right of such dependent or of such widow to compensation under this section shall cease. The foregoing schedule applies only to persons wholly dependent, and in the case of persons only partially dependent, except in the case of the widow and children who were actually a part of the decedent's household at the time of his death, the compensation shall be such proportion of the scheduled percentage as the amounts actually contributed to them by the deceased for their support constituted of his total wages and the provision as to a ten-dollar minimum shall not apply to such compensation. In determining the number of dependents, where the deceased employee was a minor, the number of persons dependent upon the deceased employee shall be determined in the same way as if the deceased employee were an adult, notwithstanding any rule of law as to the person entitled to a minor's wages." This interpretation has been had *Page 43 
at the instance of the Supreme Court in Wathne v. MidlandConstruction and Contracting Co., 125 N.J.L. 473.
Learned counsel for the respondent in his brief concedes that petitioner admittedly was the wife of the decedent at the time of his accident and is a member of the class of persons enumerated in the above statute who may have been dependent upon him. The opinion of the court by Mr. Justice Case is broader than that. The court in the Wathne case, supra, in interpreting the statute had this to say at page 475 of 125 N.J.L.: "Thus we have provision for (1) death due to the accident and (2) death from other cause. Upon the death of the employee payments are made upon one scale if the death arose out of the accident and upon another scale if the death was from any cause other than the accident. Where death is the result of the accident the liability of the employer, because of the number of dependents, may be increased over the earlier liability to the injured workman. The greater the number of dependents, up to and including six, the greater the death benefits. Equitably it would seem that those who are dependents at the workman's death should be the beneficiaries of the award. Practically we have the proposition that liability turns upon the accident and that the composition of the household as it then was may the more surely be assumed to have been based upon expectation of continued life and employment and not upon anticipation of death. The happening of an accident is usually without foreknowledge. It cannot well be charged that the membership of the household at that time had been supplemented to create a broader base for anticipated death benefits. The statutory provision that dependency shall be conclusively presumed as to the decedent's widow and natural children under sixteen years of age who were actually a part of decedent's household at the time of his death does not present a reason contra our conclusion. Such a provision is not uncommon in jurisdictions where the status of dependency is in general determined as of the time of the accident." Citing cases.
"Having regard for the other statutory provisions to which we have called attention and for the underlying purposes and *Page 44 
practical aspects of the compensation statute, the words `at the time of accident or death' may be given clear meaning and rational distinction. We think that the legislative language carries out that distinction and was meant to direct that the number and identity of dependents should be determined as of the date of the accident where death arose out of the accident and as of the date of death where the death came from any cause other than the accident.
"It may be thought that the awarding of benefits to or on behalf of those who have ceased to be dependents is an inequitable imposition upon the employer. That does not necessarily follow: in the present instance the grandchildren seem to have been forced out of the household and of their status as dependents because of the inadequacy of the award to the injured workman, during the latter's incapacity, to care for them. But if we are correct in our interpretation of the statute,that is a legislative, not a judicial problem." (The italics is this court's.)
It is unequivocally clear from this language that the court fixed not only the date of the happening of the accident as the date when total dependency was established, but provided as well the number and identity of the dependents. The court was perceptive of the fact that there might, by this interpretation, be a theoretical inequity but had this to say: "But if we are correct in our interpretation of the statute, that is a legislative, not a judicial problem." The contention that the petitioner at the time of the happening of the accident was gainfully employed brings her out of the class of total dependents is overborne by examination of the record as to the economic situation at the time. The family consisted of the mother, father, and eight children from whom contributions were made in varying amounts. If the wife, circumstances perforce, felt obliged to supplement the family income by her own efforts she is not foreclosed of her status as a total dependent within the intendment of the statute. Cf. Alexander v. CunninghamRoofing Co., 124 N.J.L. 390; Comparri v. James Readding,Inc., 120 N.J.L. 168; Koerner v. J.I. Hass, 126 N.J.L. 193. This is dispositive of this ground of *Page 45 
respondent's attack on the award on the part of the court below.
There is then for consideration the question of the propriety of the fees awarded. The record reflects that the County Court made a substantial modification of the counsel fees awarded in the Bureau and in the light of this modification, the fees, as they now stand, are not excessive.
The judgment under appeal is affirmed.
Leyden, J.S.C., dissents.