## J. C. GEARING ET AL. v. L. M. LACHER.

APPEAL BY JAMES GETTY, JR., GARNISHEE, FROM THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Submitted October 28, 1891—Decided January 4, 1892.

Where a portion of a charge, assigned for error, bears the appearance of having been reported with some error or omission altering its meaning, but, as presented, is plainly contradictory of proper instructions given prior thereto on material questions involved, the assignment must be sustained.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 102 October Term 1891, Sup. Ct.; court below, No. 622 June Term 1888, C. P. No. 1.

On May 10, 1888, sur judgment for one thousand three hundred dollars, in favor of J. C. Gearing and Minnie Gearing, his wife, for use of said wife, against Louis M. Lacher, to No. 518 June Term 1887, an execution attachment was issued and served upon James Getty, Jr., summoned as garnishee. On January 18, 1890, a plea was filed by the garnishee.*

---

* It should be noted that in cases coming up from Allegheny county, rarely, if ever, do the docket entries furnished show the nature of the plea filed.

Charge of Court below.

At the trial, on January 20, 1891, it was made to appear that, on April 16, 1887, Minnie Gearing and Louis M. Lacher were arrested upon a criminal information; that Lacher, in the custody of an officer, applied to James Getty, Jr., the garnishee herein, to go on the recognizances of himself and Minnie Gearing, for their appearance before the magistrate, and also for their appearance in court. Separate recognizances were given for their appearance in court. Getty went upon the recognizances (that of Lacher, at least), as surety; and in the transaction, received from Lacher a check drawn by him on the Dollar Savings Bank for five hundred dollars. The plaintiff claimed from the evidence adduced that this sum was Lacher's money, deposited with Getty to secure him from loss by reason of his suretyship, and that he had suffered none. The defendant, from the evidence adduced, claimed that it was money belonging to Minnie Gearing, the beneficial plaintiff, and was part of a fund held in trust for her for which she had obtained her judgment against Lacher, and that it was an absolute payment to the defendant for going upon the recognizances. It seemed that both recognizances were forfeited when the defendants in the criminal cases were called, and that afterwards the recognizors (Lacher, at least), were arrested through the efforts of Getty, tried, and convicted.

The court, COLLIER, J., reviewed the testimony upon the questions of fact in dispute, and charged the jury:

You now have the whole matter before you, and the first question is, was this Lacher's money? Mrs. Gearing has a judgment covering this money, there is no doubt about that; and if she had an execution to-day against Mr. Lacher, he would not be allowed to come in and say that part of it did not belong to her. On the other hand, as between the parties to this case, it is a question whether the money really was Lacher's. If it was not, your verdict should be for the defendant. If it was, then how was the bargain? Was this money given to the defendant for the purpose of going their security? If it was, that is the end of it, because they had a right to do that. If it was as Lacher states, then you will allow as a set-off a reasonable and proper amount for the trouble he has had and the expenses he is liable to pay. [As to the matter of

Opinion of the Court.

the recognizance I have nothing to say to you, because there is not enough evidence before the court.] [3] It does not appear clearly what was done; that is a question to be decided hereafter.

The defendant requests the court to charge:

1. That, if the jury believe that the money on deposit in the Dollar Savings Bank, of which the five hundred dollars given to Getty was a part, belonged to Minnie Gearing, then the verdict must be for Getty.

Answer: Affirmed.

2. That, if the jury believe there was fraud or collusion between Minnie Gearing and Lacher, at the time of the entry of the judgment at No. 518 June Term 1887, then the verdict must be for Getty.

Answer: Refused.[1]

3. Under all the evidence, the verdict must be for Getty.

Answer: Refused.[2]

—The jury returned a verdict for the plaintiffs for $500. A rule for a new trial having been discharged and judgment entered, the garnishee took this appeal, assigning for error:

1, 2. The answers to the defendant's points. [1] [2]

3. The part of the charge embraced in [ ] [3]

*Mr. P. C. Knox* and *Mr. Edwin W. Smith*, for the appellant.

*Mr. Arch. H. Rowand, Jr.*, for the appellees.

OPINION, MR. JUSTICE MITCHELL:

The main controversy before the jury was whether the five hundred dollars which Lacher gave appellant, was compensation for going security for plaintiff and Lacher, or only a deposit to secure appellant from loss in so doing. But even in the latter view, on which plaintiffs' case rests, appellant was entitled to credit for the expense he was put to in bringing Lacher back, after he had run away and the recognizance was forfeited. The learned judge correctly so charged the jury, but then he is reported as saying, " As to the matter of the recognizance I have nothing to say to you, because there is not enough evidence before the court. It does not appear clearly what was done; that is a question to be decided hereafter." This was so plainly er-

roneous, and so contradictory to what the judge had told the jury just before, that we are constrained to believe that there is some omission in the report which alters the whole meaning and application of the passage. The forfeiture of the recognizance and the expense that appellant had been put to, on that account, were essential features of the case, if the jury took the plaintiffs' view, that the money paid was for security only ; and so the judge had instructed the jury. There were separate recognizances for Minnie Gearing and Lacher, and Lacher testified that appellant did not enter bail to court for Minnie Gearing, and that her recognizance was not forfeited, though it was produced with the forfeiture indorsed upon it and testified to by the court clerk. It is probable that the learned judge was referring to the conflict of evidence in regard to the two recognizances, and that some error or omission in the report has confused the sense of his language, but as we find it on the record it was patent error, and the assignment in regard to it must be sustained.

Judgment reversed, and venire de novo awarded.