## Dahlman, Appellant, *v.* Petrovich.

Argued March 22, 1932.  Before Frazer, C. J., Simpson, Kephart, Schaffer and Maxey, JJ.

*F. G. Moorhead,* of *Moorhead & Marshall* and *Harry S. Dunmire,* with them *R. T. M. McCready,* for appellant.

*Lawrence M. Sebring,* for appellee.

PER CURIAM, April 27, 1932:

This was an action of trespass to recover damages for personal injuries arising out of an automobile collision. At the trial plaintiff obtained a verdict for $1,500; subsequently, defendant appealed to the Superior Court which reversed the lower court and entered judgment n. o. v. for defendant in an opinion reported at 102 Pa. Superior Ct. 454. From the judgment so entered an appeal was allowed to this court.

Appellant, plaintiff in this action, was employed by the Harmony Creamery Company as a helper on a two-ton delivery truck. On February 19, 1929, shortly before 10 a. m. the truck attempted to ascend the steep grade of Davis Avenue in the Borough of Aliquippa, Beaver County. Due to a previous fall of snow, the roadway was slippery and the wheels of the truck failed to make traction sufficient to negotiate the grade. The truck slid backward and stopped diagonally across Davis Avenue at an angle of about 45 degrees. The left front wheel rested in or near the gutter on the left side of the street. The street, although not paved, is forty feet wide and the truck approximately twenty feet long with the end-gate down. Plaintiff contends the space between the rear of the truck and the gutter on the right side of Davis Avenue was quite narrow, not exceeding six feet; however, witnesses for defendant asserted ample space remained in which a car could pass. The matter is not important in view of the manner in which the accident occurred, as will be related.

After the creamery company truck had slid down into a position blocking the left side of the road, the driver and plaintiff alighted to attach chains to the rear wheels. While plaintiff was working at the right rear wheel, and was crouched down with his back toward the top of the slope, defendant came up the hill driving an empty Chevrolet delivery truck, at a speed of fifteen miles an hour. He proceeded safely past the rear of the creamery company truck a distance of fifteen or twenty feet, until the snow and ice made further progress impossible. The machine began to slide back down the hill and collided with the creamery truck, crushing plaintiff against the wheel upon which he was working. The record discloses a conflict in the testimony as to whether or not defendant sounded his horn at the time his car started backwards. There was also testimony that, immediately before the accident, another truck had successfully ascended the hill, although this fact was not known to defendant at the time. The question is whether the jury was justified in finding defendant negligent in attempting the hill under the circumstances.

The opinion of the Superior Court correctly states: "We have been unable to discover any negligence in the case on the part of defendant. He was not negligent in passing the stalled truck because he had plenty of space in which to do so, and in doing so he in no way contributed to the happening of this accident. Was he negligent in attempting to ascend the hill under the circumstances? He did only what the plaintiff's driver had attempted to do before him and what another truck driver had just succeeded in doing. He could not be held to any greater knowledge of the condition of the road than the other truck drivers."

The skidding of an automobile does not of itself establish or constitute negligence; it is incumbent upon the plaintiff to prove that the skidding resulted from the negligent act of defendant: Hatch v. Robinson, 99 Pa.

Superior Ct. 141. In the present case plaintiff has not met this burden.

Appellant contends that Reisinger v. McConnell, 265 Pa. 565, is controlling here. In that case plaintiff was engaged in replacing a tire on his car at the side of the road, and had his back in the direction from which defendant's car approached. Although plaintiff's body extended somewhat into the line of travel, we held his position was not the proximate cause of the injury, and he was not bound to anticipate that a driver of a passing car would negligently collide with his machine. In the present case the situation was quite different. Defendant's truck passed within a few feet of plaintiff on its way up the hill, and because of plaintiff's own experience a few minutes before, he was bound to anticipate the Chevrolet truck might slide back and injure him. Had he been alert there was sufficient time for him to reach a place of safety.

Judgment affirmed.