## Williamson et al. *v.* McCracken, Appellant.

Argued March 28, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*Thomas L. Anderson,* with him *C. L. V. Acheson,* for appellant.

*Robert E. Burnside,* of *Burnside, Moninger & Burnside* and *William L. Jacob,* for appellees, were not heard.

OPINION BY MR. JUSTICE BARNES, May 9, 1938:

The wife plaintiff was a passenger in an automobile which overturned at about 2:30 o'clock on the afternoon of September 30, 1933, while it was being operated on the Pittsburgh–Buffalo Highway about six miles south of Bradford in McKean County. The automobile at the time of the occurrence was operated by the defendant, the uncle by marriage of the wife plaintiff. The highway upon which the accident happened is a straight, smooth, two-lane concrete roadway with a slight down grade. At the time of the accident the roadway was dry, and free from traffic. It appears from the record that prior to the accident the automobile was proceeding at a speed of about forty-five miles an hour.

In the plaintiffs' statement of claim it is asserted that the defendant so negligently operated the automobile that "it suddenly and without warning crossed over to the left side and off the highway, collided with a large stone or rock and upset." The plaintiffs in their statement of claim aver various grounds of negligence, all of which were removed from the jury's consideration with the exception of the questions whether the defendant failed to have his automobile under proper control, and whether the automobile swerved off the road and turned over because the defendant fell asleep while driving.

The jury returned a verdict for the defendant and the plaintiffs filed a rule for new trial, urging that the court below erred in affirming the defendant's sixth point for charge which reads as follows: "The burden is on the plaintiffs to satisfy the jury by a fair preponderance of the evidence that the defendant, Liston T. McCracken, failed to have his car under proper control by reason of the fact that he went to sleep while driving the automobile, and that that was the proximate cause of the injuries alleged to have been suffered by the plaintiffs in this case. Unless the jury are so satisfied, their verdict must be for the defendant." The court en banc granted the plaintiffs a new trial on the ground that the trial

judge erred in affirming the point in question because there were other factors in the case, in addition to the question whether the defendant was asleep, that the plaintiffs were entitled to have the jury consider.

The sole assignment of error, and the only question involved is whether it was error to grant the plaintiffs a new trial for the reason stated. The award of a new trial is discretionary with the court below, and an order granting a new trial will not be reversed except for a clear error of law or palpable abuse of discretion: *Alianell v. Schreiner*, 274 Pa. 152; *Hess v. Gusdorff*, 274 Pa. 123; *Class & Nachod Brewing Co. v. Giacobello*, 277 Pa. 530; *Duaine v. Gulf Refining Co.*, 285 Pa. 81; *Isaac v. Davis*, 327 Pa. 401; *Edwards v. Crawford*, 328 Pa. 449.

We agree with the learned court below that the charge of the trial judge improperly restricted the jury's consideration of the defendant's negligence, and if it had not granted the plaintiffs a new trial we would have been constrained to do so. The affirmance by the trial judge of the defendant's sixth point amounted to a direction to the jury to find for the defendant unless the jury believed the accident was caused by the defendant's falling asleep at the wheel. This was error, because such instruction could not fail to mislead the jury in view of other testimony in the record which the jury was required to consider and which, if believed, would support a verdict for the plaintiffs. Moreover, the affirmance of an erroneous principle contained in a prayer for specific instructions or point for charge constitutes reversible error: *Arthurs v. Wilson*, 40 Pa. Superior Ct. 604.

Order affirmed.