Master, Admrx., Appellant, *v.* Goldstein's Fruit & Produce, Inc., et al.

Argued November 28, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Thomas C. Gawthrop,* of *Gawthrop & Gawthrop,* with him *Louis E. Lasch,* for appellant.

*Truman D. Wade,* of *Wade & Wade,* for appellee.

OPINION BY MR. JUSTICE PARKER, January 5, 1942:

Jeanne Master, administratrix of the estate of Bernard A. Master, deceased, her late husband, brought an action in trespass against Goldstein's Fruit & Produce, Inc., claiming damages for injuries to and for the wrongful death of her husband, who was fatally injured in a collision between the car he was driving and a truck belonging to Goldstein. The defendant brought on the record as an additional defendant its driver, Vernon Ford, alleging that he was solely liable for any damages sustained by plaintiff. On trial before a jury, a verdict was rendered in plaintiff's favor against both defendants. The court below entered judgments non obstante veredicto in favor of both defendants and the plaintiff has appealed, complaining of the entry of the judgments. We are all of the opinion that the action of the lower court must be sustained.

All of the evidence came from plaintiff's witnesses, defendant having chosen not to offer any testimony. At about 6:15 A. M., January 15, 1940, plaintiff's decedent was driving his car westward on the Lincoln Highway, a four-lane road, at a point west of Devon, Pennsylvania, and was following a milk truck in the northmost lane of the highway. The decedent then drove his car into the southerly westbound lane of the highway and began to overtake and pass the milk truck, at the same time starting to ascend a hill two-tenths of a mile in length which curved slightly north, or to the right as decedent's car was moving. At the same time, Goldstein's five-ton truck, with a closed body and top, driven by Vernon Ford eastward on the southmost lane of the road, came over the top of Devon Hill at a speed of fifteen to twenty miles per hour.

The weather was cold and frosty; the morning was dark and a mist had been falling, with the result that the surface of Devon Hill was covered with a film of ice. The surface of the hill had a lateral slope downward to the south.

About ten yards east of the top of the hill, Goldstein's truck skidded slightly on the ice and veered partly into the northerly eastbound lane. The driver recovered control of the car and proceeded at the same speed. When he had gone about fifty yards farther on the icy surface and when he was about fifty feet from Master's car, the truck again skidded to the driver's left, passed across the center line of the highway, and collided with decedent's car while it was in the southerly westbound lane. At the impact decedent's car and Goldstein's truck burst into flames. The decedent was so badly burned that he died about two weeks later in a hospital.

The plaintiff concedes, and properly so, that the mere proof that the truck skidded did not establish negligence on the part of the owner or the driver: *Hatch et al. v. Robinson,* 99 Pa. Superior Ct. 141; *Wertz v. Shade,* 121 Pa. Superior Ct. 4, 182 A. 789; *Dahlman v. Petrovich,* 307 Pa. 298, 161 A. 550; *Ferrell v. Solski,* 278 Pa. 565, 123 A. 493; *Johnson v. American Reduction Co.,* 305 Pa. 537, 158 A. 153; *Simpson v. Jones,* 284 Pa. 596, 131 A. 541. She relies upon other facts to supply evidence of negligence—the speed of the Goldstein truck, the icy surface on Devon Hill and, particularly, the circumstance that the driver of the truck was warned of the icy condition of the roadway by the first skid. When the evidence is examined, none of these facts forms a sufficient basis for a finding of negligence.

Plaintiff's own witnesses showed that the Goldstein truck was traveling at the rate of fifteen to twenty miles per hour when it came over the top of the hill; that at the time of the accident there was no ice anywhere on Lincoln Highway between Philadelphia and Lancaster

except on the ascending hill going west from Devon; and that, although the surface of that hill was very slippery, the witnesses who had been using the road did not discover the thin coating of ice until they stepped onto the road. It also appeared that at 4:00 A. M. of the same day, only two hours before, there was no ice on Devon Hill. It cannot be said that operating an automobile in the open country at a rate of fifteen to twenty miles an hour is unreasonable or improper when there is no congested traffic. Even if there had been some ice or snow upon the road, the speed proven would not of itself support a charge of negligence. As was said by the Superior Court in *Millikin v. Richhill Twp.*, 67 Pa. Superior Ct. 326, 331: "Men are not obliged to stay off the public roads because they happen to be slippery." The milk truck ahead of decedent's car was moving at the same rate as the Goldstein truck at the time of the accident, and decedent had speeded up his car to pass the truck, from which it may be concluded that decedent was driving his car at an even higher rate of speed than that at which the truck was being driven. In *Hatch v. Robinson,* supra, the road was covered with mud and ice and defendant was driving at a rate of from twenty-five to thirty miles per hour, yet it was held that the speed, accompanied by the conditions of the road, was not evidence of negligence and judgment n. o. v. for the defendant was affirmed.

While it is true that the truck did take a slight skid as it came over the top of the hill, the driver of the truck was able to control the car and proceed 150 feet before the car suddenly skidded across the road. There is no evidence in the case indicating anything that the driver of the truck should have done that he did not do. He knew from his previous experience that there was ice at this point, and we have no reason to believe that an accident would have been avoided if he had put on his brakes and slackened his speed, for he was descending a hill. The burden of showing negligence was upon the plaintiff

and there was no evidence that it would have been proper practice to have applied the brakes. In fact, it is well known that under the conditions that were present here the applying of brakes would have a strong tendency to cause skidding. As a result we are left entirely without any proof of negligence upon the part of the driver of the truck. No presumption of negligence arises from the happening of an accident and consequently the judgments for the defendants must be affirmed.

In all of the cases relied upon by the plaintiff there was evidence in addition to the fact of skidding that formed the basis of a reasonable inference of lack of due care.

Judgments affirmed.