Cusati, Appellant, et ux. v. Dellisanti.

224

Argued March 10, 1943.   Before Keller, P. J., Bald-
rige, Stadtfeld, Rhodes, Hirt, Kenworthey and
Reno, JJ.

*Jos. Ginsburg,* for appellant.

*George O'Dougherty,* with him *Joseph Alessandroni,*
for appellee.

OPINION BY RENO, J., April 16, 1943:

Appellee gave her judgment note to appellant and his wife, since deceased, dated March 13, 1922, payable one day after date, for $1,500, with interest and attorney's commission of five per cent. Judgment was entered thereon on October 28, 1941, which was opened by the Court of Common Pleas (No. 4) of Philadelphia, without restriction, and the case transferred to the Municipal Court. Counsel stipulated that the issue be framed by a statement of claim and an affidavit of defense.

Appellant declared upon the note and acknowledged payments upon the note, $800 on September 7, 1927, and $700 on August 27, 1929. Appellee denied execution of the note and averred that she received the $1,500 as a loan upon a verbal agreement that no interest was to be paid and that the attorney's commission was never discussed or agreed to be paid. She also averred that she was told that the instrument which she signed was a receipt for the money, and that she paid $700 on account of the loan to appellant "on or about August 26, 1923" and the balance, $800, "on or about August 30, 1925."

The trial judge sitting without a jury found for appellant for $1,191.86. The court in banc, consisting of the trial judge and two other judges, entered an order, the trial judge dissenting, as follows: "Upon the plaintiff [appellant] filing a remittitur of all sums in excess of $576.24 within thirty days from date hereof, motion for new trial dismissed; otherwise granted." From this order appellant appealed. The disparity in the amounts results from the use of different methods of computation by the majority of the court in banc and the trial judge.

The majority calculated the interest at six per cent on $1,500 from the date of the note, March 13, 1922, to September 7, 1927, when, according to appellant's contention, the payment of $800 was made,

at $493.50. To this, the majority added $82.74 for interest from September 7, 1927, to August 27, 1929, the date of the payment of $700. No allowance was made for attorney's commission. The total of these two interest calculations is $576.24, the sum mentioned in the order.

The trial judge calculated the interest upon $1,500 from March 13, 1922, to the payment of $800 on September 7, 1927, at six per cent, at $493.50. The $800 was applied to the payment of the interest of $493.50 and the balance, $306.50, was applied in reducing the principal to $1,193.50. The payment of $700 was made August 27, 1929, and the interest upon the unpaid principal of $1,193.50 from September 7, 1927, to August 27, 1929, was calculated at $141.23. The $700 was applied to the payment of the interest of $141.23 and the balance, $558.77, was applied in reducing the principal to $634.73. No payments having been made after August 27, 1929, interest was calculated upon $634.73 from that date to the date of the finding, October 17, 1942, at $500.37, making a total amount owing at that time, $1135.10. The attorney's commission of five per cent, $56.76, added to $1,135.10 produced the total of $1,191.86.

Clearly, the trial judge followed the "United States Rule" (33 C. J. p. 250) for computing partial payments, recognized in Pennsylvania by many cases, among which is *Buck v. Mutual Bldg. & Loan Assn.*, 49 Pa. Superior Ct. 128, 130, from which we quote: "The rule in this state is in harmony with that prevailing generally throughout the country that a partial payment on a contract bearing interest is to be applied to the interest in the first place and in the second place to the principal. In this way the interest on the principal is settled as it accrues periodically and the principal is diminished by the excess of the payment over the amount of interest due. This has been the rule of computation in this state since Penrose v. Hart, 1

Dallas, 378, and is said in Spires v. Hamot, 8 W. & S. 17, to be in accordance with all the English decisions since Chase v. Box, 2 Freem. 261, decided in 1702. In Moore v. Kiff, 78 Pa. 96, it was said: 'Where money is paid generally upon a debt the obvious rule is to apply it first to the interest, if any, in arrears and then to the extinguishment of the principal.' This is recognized as a general rule in Bower v. Walker, 220 Pa. 294 [69 A. 984]." The trial judge, having followed this rule, his computation is correct.

The majority of the court based its determination, in part at least, upon the principle that a note payable upon demand bears interest only from the date of the demand. This is undoubtedly true but the note in question was not payable on demand, it was due "one day after date." Also, it held that "if the finding [of the trial judge] were permitted to stand, the plaintiff [appellant] would be receiving interest upon interest." But our cases hold that "It is a mistake to suppose that the interest in such a computation is compounded in a legal sense. Interest accrues from day to day, and the payment of it at stated times is not a compounding. If interest were added to the principal and then interest was charged on the aggregate amount a case of compounding would exist, but where the money paid is applied in part to the payment of interest due up to that time the computation of interest is all the time on the principal and not on added interest": *Buck v. Mutual Bldg. & Loan Assn.*, supra, p. 132.

Having reached this point, the remaining and important question is whether we can set aside the order of the court in banc. Ordinarily, whether a new trial should be refused or granted is a matter within the sound discretion of the trial court and its determination will not be disturbed by us except for clear error of law or a manifest abuse of discretion: *Williams v. Southern Mut. Ins. Co.*, 312 Pa. 114, 166 A. 582;

*Szczygielski v. Travelers Insurance Co.,* 114 Pa. Superior Ct. 352, 174 A. 662; *Williamson v. McCracken,* 330 Pa. 254, 199 A. 166; *Cirquitella v. Callaghan,* 331 Pa. 465, 200 A. 588. This is true even when the trial judge dissents from the action of the court in banc: *Dobson v. Crafton Borough,* 315 Pa. 52, 172 A. 109. However, where the trial court has committed an error of law in granting a new trial (*Vilsack v. Wilson,* 269 Pa. 77, 112 A. 17) and the question of law controls the whole issue (*Class & Nachod Brewing Co. v. Giacobello,* 277 Pa. 530, 121 A. 333; *Cleveland Worsted Mills Co. v. Myers-Jolesch Co.* 266 Pa. 309, 109 A. 662) and the opinion of the trial court clearly indicates that the reasons set forth are the only ones which induced it to enter the order (*Class & Nachod Brewing Co.,* supra; *Culver v. Lehigh Valley Transit Co.,* 322 Pa. 503, 186 A. 70; *Lasch v. Cohn,* 130 Pa. Superior Ct. 161, 196 A. 581) we are warranted in reversing its order.

We have demonstrated that the majority of the court in banc committed clear error of law in computing the balance due upon the note. No other reason for granting the order appears in the opinion. The motion for the new trial alleged as the only supporting reasons that the verdict was against the evidence and the law. The court in banc in its opinion stated that "The question here presented is: did the trial judge err in making the finding in the amount of $1,191.96?" That was the sole question considered by the majority. It is true that they said that "we believe there should have been a finding in favor of the defendant and [we] would so have found had we tried the case" but they added "nevertheless, we cannot substitute our judgment for that of the trial judge. Sitting as a finder of fact, his finding has the force and effect of a jury." Indeed, the majority also found for the appellant though for a less amount. It even adopted the findings of the trial judge as to the dates of the payments although there

was a conflict of testimony upon that point as well as upon other disputed questions of fact. There was, therefore, no intent to overrule the trial judge because he had improperly weighed the evidence, or to disturb his findings. The order was based entirely upon the erroneous computation of the balance due. The majority said that "it was unconscionable on the part of plaintiff here to demand the sum in which the finding was made almost $1200.00 upon a loan of $1500.00" and that "just and fair dealing" as between uncle and niece who were the litigants, demanded that "he should not be entitled to receive from her more than $576.24." This emphasizes the fact that the order was based upon the majority's views upon the matter of interest. The opinion of the majority read as a whole indicates that the only question which it deemed worthy of consideration was the computation of interest, that there was no merit in "any of the reasons alleged except the excessiveness of the verdict and it necessarily follows that for that reason *alone* the new trial was granted:" *Culver v. Lehigh Valley Transit Co.*, supra, p. 511. The order was thus based upon an error of law and we will reverse it.

The order is reversed and judgment is entered for appellant against appellee for $1,191.86 with interest from October 17, 1942.