Miller, Admrx., Appellant, *v.* Measmer.

Argued September 27, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Charles F. Dean,* for appellant.

*J. Roy Dickie,* with him *H. A. Robinson* and *Dickie, Robinson & McCamey,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, October 30, 1945:

The sole question in this motor vehicle accident case is whether the defendant was guilty of negligence. The verdict was for the defendant. The refusal of the court below to grant a new trial is the error assigned.

Plaintiff's decedent stopped his truck on a branch road approximately twenty feet before its junction with a main highway. The intersection was icy and slippery. The defendant, approaching in a truck from decedent's left on the highway, attempted to make a right turn into the branch road, but his truck skidded into decedent's truck, injuring decedent (the death, however, was caused solely by a generalized cancer). It was agreed that the decedent was not contributorily negligent.

Two eyewitnesses to the accident appeared at the trial, one for each party. Their stories were contradictory. Plaintiff's witness, who was driving a third truck in back of decedent's truck, stated that defendant's truck made the right-hand turn at a speed of about thirty miles per hour. Defendant, the other eyewitness, said he had slowed down to five to eight miles per hour.

Plaintiff's witness testified that decedent's truck was pushed sideways a distance of four to five feet; defendant stated it was moved three or four inches. Plaintiff's witness said the decedent's truck had stopped at the time of the collision, while defendant stated it was still moving. It was also denied by defendant that plaintiff's witness was even in sight at the time of the accident.

It is thus obvious that two conflicting versions were presented to the jury. Under plaintiff's view, the defendant was negligent in approaching the intersection at an excessive rate of speed. Defendant contended, on the contrary, that it was merely a case of skidding, which, of course, does not of itself establish negligence: *Simpson v. Jones,* 284 Pa. 596, 131 A. 541; *Johnson v. American Reduction Co.,* 305 Pa. 537, 158 A. 153; *Dahlman v. Petrovich,* 307 Pa. 298, 161 A. 550; *Master v. Goldstein's F. & P.,* 344 Pa. 1, 23 A. 2d 443; *Hatch v. Robinson,* 99 Pa. Superior Ct. 141; *Wertz v. Shade,* 121 Pa. Superior Ct. 4, 182 A. 789; *Valley Motor Tran. Co. v. Allison,* 153 Pa. Superior Ct. 221, 33 A. 2d 485. The jury returned a verdict for the defendant.

As this Court said in *Yago v. Pipicelli,* 343 Pa. 222, 22 A. 2d 699: "It has been pointed out in numerous decisions that the granting of a new trial on the ground that the verdict is against the weight of the evidence is peculiarly for the court below, and its refusal to grant one for that reason is not, on appeal, a matter for review, in the absence of a palpable abuse of discretion." See also: *O'Farrell v. Mawson,* 320 Pa. 316, 182 A. 538. There manifestly was no abuse of discretion. The credibility of the witnesses was properly for the jury.

Plaintiff's contention that the verdict is contrary to the incontrovertible physical facts is without merit. We have repeatedly held that this doctrine is inapplicable when dependent upon estimates of distances and the speed of moving objects. See *Cunningham v. Pa. R. R. Co.,* 352 Pa. 571, 43 A. 2d 825, and cases therein cited.

Judgment affirmed.