J-S81045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN J. LOWRY | |
| Appellant | No. 1458 EDA 2015 |

Appeal from the PCRA Order April 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0704141-1982

BEFORE:  BOWES, J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED DECEMBER 16, 2016**

Appellant Kevin J. Lowry appeals *pro se* from the Order entered in the Court of Common Pleas of Philadelphia County on April 30, 2015, dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In 1983, Appellant was convicted of first-degree murder, criminal conspiracy and possessing an instrument of crime. On April 12, 1984, Appellant was sentenced to life imprisonment on the murder conviction along with consecutive prison terms of five (5) years to ten (10) years on the conspiracy conviction and two and one-half (2½) years for the weapons

_____

[*] Former Justice specially assigned to the Superior Court.

offense. This Court affirmed Appellant's judgment of sentence on September 6, 1985, and Appellant did not file a petition for allowance of appeal with our Supreme Court.

On April 6, 1987, Appellant filed his first petition pursuant to the Post Conviction Hearing Act, *pro se*, which was later withdrawn without prejudice on May 12, 1988. Appellant filed a *pro se* PCRA petition on November 28, 1995, and counsel was appointed. After a thorough review of the record, counsel filed a "no-merit" letter pursuant to **Turner**/**Finley**[1] on October 23, 1996, wherein he advised the PCRA court that the issues Appellant had raised in his *pro se* petition lacked merit and that, in his view, there were no others of arguable merit which could be raised in an amended petition. On December 11, 1996, the PCRA court denied Appellant's petition, and this Court affirmed on April 6, 1998. On September 10, 1998, our Supreme Court denied Appellant's petition for allowance of appeal.

On August 13, 2012, Appellant filed a second PCRA petition.[2] On November 24, 2014, Appellant filed an amended PCRA petition wherein he

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988).

[2] Therein, Appellant claimed he was entitled to relief under the newly recognized constitutional right exception to the PCRA time-bar in light of the United States Supreme Court's decision in **Miller v. Alabama**, 132 S.Ct. 2455 (2012). **See** 42 Pa.C.S.A. § 9545(b)(1)(iii). Although the PCRA court considered the merits of this claim in its Rule 1925(a) opinion, Appellant has abandoned it on appeal. **See Commonwealth v. Bullock**, 948 A.2d 818,

*(Footnote Continued Next Page)*

- 2 -

claimed he was entitled to relief in light of newly-discovered evidence in the form of recantation testimony by a key Commonwealth witness, Mr. John Johnson. He further asserted he was entitled to relief due to governmental interference as a result of the Commonwealth's failure to inform him that Mr. Johnson had been promised leniency at his sentencing in an unrelated armed robbery matter in exchange for his testimony at Appellant's trial. In support of these claims, Appellant attached to his amended PCRA petition a certification of an individual affiliated with the Pennsylvania Innocence Project at Temple University Beasley School of Law, Mr. Nick Kato. Therein, Mr. Kato related that Mr. Johnson had informed him during an interview on November 5, 2014, he had fabricated his identification of Appellant in an effort to receive a lighter sentence in his pending criminal matter.

On April 30, 2015, the PCRA court entered its order dismissing the petition as untimely filed, and Appellant filed a timely notice of appeal on May 7, 2015. Thereafter, the PCRA court filed a letter with this Court requesting that the matter be remanded for appointment of counsel and reassignment. In a *Per Curiam* Order of February 1, 2016, this Court directed the PCRA court to certify and transmit the record after determining Appellant's eligibility for court appointed counsel and to file an opinion pursuant to Pa.R.A.P. 1925(a). On February 7, 2016, the PCRA court

*(Footnote Continued)* ───────────────

823 (Pa.Super. 2008) (stating an issue identified on appeal but not developed in an appellant's brief is abandoned and, therefore, waived).

entered an order denying Appellant's motion for the appointment of counsel, and on May 9, 2016, it filed its Memorandum Opinion pursuant to Pa.R.A.P. 1925(a).

In his brief, Appellant presents the following Statement of the Questions Involved:

> Did the PCRA court while violating due process erroneously deny Appellant an evidentiary hearing thus ignoring the protocol set [sic] Com. v. Pander and PA. Rule of Criminal 902(A)(15)?

> Did the PCRA court err in dismissing Petitioner's PCRA as untimely and denied an evidentiary hearing when it was filed within sixty days upon discovery of governmental interference?

Appellant's Brief at 8 (unnecessary capitalization omitted).

Preliminarily, we must determine whether Appellant's instant PCRA petition was timely filed. *See Commonwealth v. Hutchins*, 760 A.2d 50 (Pa.Super. 2000). "Our standard of review is whether the PCRA court's order is supported by the record and without legal error." *Commonwealth v. Wojtaszek*, 951 A.2d 1169, 1170 (Pa.Super. 2008) (citation omitted).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the

Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 719 (2008) (citation omitted). Additionally, as this Court often has explained, all of the time-bar exceptions are subject to a separate deadline.

> The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be filed within sixty (60) days of the time the claim could first

have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2). The sixty (60) day time limit . . . runs from the date the petitioner first learned of the alleged after-discovered facts. A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty (60) days thereafter.

*Commonwealth v. Williams*, 35 A.3d at 44, 53 (Pa.Super. 2011) (citation omitted).

In the case *sub judice*, Appellant was sentenced on April 12, 1984, and this Court affirmed his judgment of sentence on September 6, 1985. Appellant did not file a petition for allowance of appeal; therefore, Appellant's judgment of sentence became final thirty days thereafter, on October 6, 1985, when the time for seeking allocator with our Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"). In Appellant's case, a timely first petition for post-conviction relief would have had to have been filed by January 16, 1997, pursuant to the grace period provided for petitioners whose judgments of sentence became final prior to the effective date of the amended PCRA. *Commonwealth v. Davis*, 916 A.2d 1206, 1208-09 (Pa.Super. 2007) (explaining that the 1995 amendments to the PCRA provide that if a judgment of sentence became final before the January 16, 1996, the effective date of the amendments, a PCRA petition will be considered timely if filed within one year of the

effective date of the amendments, or by January 16, 1997; however, this grace period applies only to first PCRA petitions). Appellant filed the instant PCRA petition, his second, on August 13, 2012; therefore, it is patently untimely. As such, the PCRA court could not address the merits of Appellant's petition unless a timeliness exception applies.

Appellant attempts to invoke the timeliness exception of 42 Pa.C.S.A. § 9545(b)(1)(ii). Appellant explains that in June of 2009, "field investigators" with the Pennsylvania Innocence Project at Temple University Beasley School of Law agreed to examine his case at which time "it was discovered that the <u>one</u> and <u>only</u> eye-witness in [Appellant's] murder conviction had initially identified another man as the perpetrator. **See N.T. 12/8/82 pg. 1388**." Brief of Appellant at 11 (emphasis in original).[3] Appellant states that upon further investigation, that witness, Mr. Johnson, was interviewed at his home on November 5, 2014, at which time he revealed to Mr. Kato and Mr. Dan Giordano he was not sure whom the perpetrator had been and stated that he had identified Appellant only because he had been promised leniency by both police and prosecutors concerning pending armed robbery charges against him. *Id*. at 12, 15. Appellant maintains that there was no possibility for him to have obtained

---

[3] We note that the transcript from this date spans only 32 pages and pertains to Appellant's "petition to modify an extension of Rule 1100." N.T., 12/8/82, at 2.

- 7 -

the exculpatory evidence sooner, in light of the Commonwealth's withholding

from the defense that Mr. Johnson had been offered and received leniency.

*Id*. at 14.[4]  As such, Appellant asserts the PCRA court erred in dismissing his

petition without first holding an evidentiary hearing.

At the outset, we note that the Commonwealth asserts Appellant has

waived the claims he presents herein for failure to raise them properly

below.  Commonwealth's Brief at 7 n. 6.  Indeed, our Supreme Court has

stated that:

> Notwithstanding the PCRA court's indulgence in addressing all of Appellant's claims, it was Appellant's duty to identify  where in the record the supplemental petitions were authorized and/or reconstruct the record if such authorization was provided off the record. Appellant has failed to do so, even though this defect was raised by both the PCRA court and the Commonwealth. This Court has condemned the unauthorized filing of supplements and amendments to PCRA petitions, and has held that such claims raised in such supplements are subject to waiver. ***See Commonwealth v. Elliott***, 80 A.3d 415 (Pa. 2013); ***Commonwealth v. Roney***, ––– Pa. ––––, 79 A.3d 595, 615 (2013); ***Commonwealth v. Porter***, 613 Pa. 510, 35 A.3d 4, 12 (2012). Thus, although the vast majority of Appellant's claims were raised in his first counseled Amended Petition, certain claims, which are discussed below, were raised for the first time in an apparently unauthorized supplemental petition; accordingly, we find those claims to be waived.

***Commonwealth v. Reid***, 627 Pa. 78, 94–95, 99 A.3d 427, 437 (2014).

Herein, the claims Appellant sets forth for this Court's review were

raised in his amended PCRA petition filed over two years after he filed his

---

[4] In setting forth this claim, Appellant purports to invoke 42 Pa C.S.A. 9545(b)(1)(i), ***supra***.

second PCRA petition, and the record is devoid of evidence the PCRA court authorized the filing of the amended petition. Notwithstanding, to the extent Appellant raised the after-discovered evidence exception to the PCRA time bar by supplementing his second PCRA petition within 60 days of his alleged discovery of the purported newly-discovered evidence and of the alleged governmental interference, we will consider the merits of these claims.

Our Supreme Court previously has stressed that the newly-discovered evidence exception in Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were "facts" that were "unknown" to him and that he could not have ascertained those facts by the exercise of "due diligence." **Commonwealth v. Bennett**, 593 Pa. 382, 930 A.2d 1264, 1270-72 (2007). The Supreme Court unequivocally has explained the exception set forth in subsection (b)(1)(ii) does not require a merits analysis of the underlying claim. **Commonwealth v. Abu–Jamal**, 596 Pa. 219, 941 A.2d 1263, 1268 (2008). Rather, the exception requires a petitioner to prove only that the facts were unknown to him and he exercised due diligence in discovering those facts. **Bennett**, 593 Pa. at 393, 930 A.2d at 1270; **See also Commonwealth v. Breakiron**, 566 Pa. 323, 330-31, 781 A.2d 94, 98 (2001) (rejecting attempt to invoke Section 9545(b)(1)(ii) because appellant failed to offer any evidence that he exercised due diligence in obtaining facts upon which his claim was based).

To invoke Section 9545(b)(1)(ii), a petitioner, must prove that "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." ***Commonwealth v. D'Amato***, 579 Pa. 490, 519, 856 A.2d 806, 823 (2004) (citations omitted). Moreover, "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." ***Commonwealth v. Williams***, 35 A.3d 44, 53 (Pa.Super. 2011) (citations omitted). Further, "[t]he focus of the exception is on the newly discovered *facts,* not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall****,* 596 Pa. 587, 596, 947 A.2d 714, 720 (2008) (emphasis in original).

Our Supreme Court also has stated that when a petitioner seeks a new trial based upon alleged after-discovered evidence in the form of recantation testimony, that petitioner must establish:

>  (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. ***Commonwealth v. Johnson***, 600 Pa. 329, 966 A.2d 523, 541 (2009); ***Commonwealth v. Washington***, 592 Pa. 698, 927 A.2d 586, 595-96 (2007); ***Commonwealth v. D'Amato***, 579 Pa. 490, 856 A.2d 806, 823 (2004); ***Commonwealth v. Wilson***, 538 Pa. 485, 649 A.2d 435 (1994). Further, the proposed new evidence must be producible and

- 10 -

admissible. [***Commonwealth v. Scott***, 470 A.2d 91, 93 (Pa. 1983)].

***Commonwealth v. Smith***, 609 Pa. 605, 629, 17 A.3d 873, 887 (2011), cert. denied, 133 S.Ct. 24 (2012).  The Court further has instructed that:

> Recantation testimony is extremely unreliable. ***Commonwealth v. McCracken***, 540 Pa. 541, 659 A.2d 541 (1995); ***Commonwealth v. Nelson***, 484 Pa. 11, 398 A.2d 636 (1979); ***Commonwealth v. Coleman***, 438 Pa. 373, 264 A.2d 649 (1970). When the recantation involves an admission of perjury, it is the least reliable form of proof. ***Coleman***. The trial court has the responsibility of judging the credibility of the recantation. ***Nelson***. Unless the trial court is satisfied that the recantation is true, it should deny a new trial. ***Nelson***; ***Coleman***. An appellate court may not disturb the trial court's determination absent a clear abuse of discretion. ***Nelson***.

***Commonwealth v. Henry***, 550 Pa. 346, 363, 706 A.2d 313, 321 (1997).

> Furthermore, we emphasize that:

> A PCRA court is only required to hold a hearing where the petition, or the Commonwealth's answer, raises an issue of material fact. When there are no disputed factual issues, an evidentiary hearing is not required. If a PCRA petitioner's offer of proof is insufficient to establish a *prima facie* case, or his allegations are refuted by the existing record, an evidentiary hearing is unwarranted.

***Commonwealth v. Eichinger***, 631 Pa. ___, ____, 108 A.3d 821, 849 (2014) (internal citations omitted).  Also, for a petitioner to be entitled to an evidentiary hearing pertaining to an exculpatory witness's testimony, he must include in his PCRA  petition a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony and include any documents material to that witness's testimony.

*Commonwealth v. Reid*, 627 Pa. 78, 96, 99 A.3d 427, 438 (2014); *See also*, 42 Pa.C.S.A. § 9545(d)(1); Pa.R.Crim.P.902(A)(15).

Upon our review of the record, we conclude the PCRA court did not abuse its discretion in finding Appellant failed to offer after-discovered evidence or to demonstrate that government officials obstructed the presentation of his claims. In the first instance, the sole evidence Appellant presented along with his amended, second PCRA petition to support his claims is a signed certification of Nick Kato relaying Mr. Johnson's purported proposed testimony. Appellant does not attach an affidavit or certification of Mr. Giordano, another investigator allegedly involved in the matter, although Appellant states numerous times in his appellate brief that Mr. Johnson informed both men he had engaged in perjury at Appellant's trial. Brief for Appellant at 12. Most importantly, Appellant has failed to attach either a signed certification or an affidavit of Mr. Johnson, nor does he propose to call Mr. Johnson to testify were he granted an evidentiary hearing.

It is well-established that a claim based upon inadmissible hearsay does not satisfy the newly-discovered evidence exception. *See Abu-Jamal*, *supra*, 596 Pa. at 230, 941 A.2d at 1269. In this regard, our Supreme Court has stated the following:

> Any evidence relevant to the impeachment issue may be used against a witness, except that which is prohibited by the rules of evidence. Pa.R.E. 607(b). Hearsay, which is a statement made by someone other than the declarant while testifying at trial and is offered into evidence to prove the truth of the matter asserted, is normally inadmissible at trial. Pa.R.E. 801(c) & 802.

> Impeaching a witness through the introduction of an inconsistent out-of-court statement will not be considered hearsay if the statement is: (1) under oath subject to the penalty of perjury at a trial, hearing, other proceeding, or deposition; (2) in writing and adopted by the declarant; and (3) a verbatim contemporaneous recording of the oral statement. Pa.R.E. 803.1(1).

*Commonwealth v. Carson*, 590 Pa. 501, 561, 913 A.2d 220, 254–55 (2006) (footnote omitted).

Appellant relies upon this Court's holding in *Commonwealth v. Pander*, 100 A.2d 626 (Pa.Super. 2014) to support his conclusion the PCRA court committed reversible error when relying upon the fact that Appellant had failed to attach an affidavit from Mr. Johnson in denying him an evidentiary hearing and in holding that Appellant failed to show he could not have obtained the "witness recantation" evidence prior to the conclusion of trial through the exercise of reasonable diligence. Brief for Appellant at 13. In *Pander*, this Court indicated that there is no requirement for a petitioner to file an affidavit to be entitled to an evidentiary hearing and noted it is improper to affirm a PCRA court's decision on the sole basis of inadequate witness certification in instances where the PCRA court failed to provide notice of the alleged defect. *Commonwealth v. Pander*, 100 A.3d 626, 643 (Pa.Super. 2014), appeal denied, 631 Pa. 712, 109 A.3d 679 (2015) citing Pa.R.Crim.P. 905(B); however, that case is not dispositive herein, for it did not involve the newly-discovered evidence exception to the PCRA time-bar, as the PCRA petition at issue therein had been timely filed. In addition,

the PCRA court determined that were Appellant to offer the certification of Nick Kato at an evidentiary hearing, such evidence would constitute an out-of-court statement by Mr. Johnson relied upon for its truth; therefore, Appellant has failed to produce evidence that would be admissible at an evidentiary hearing to support his claim.

Moreover, even had Appellant presented an affidavit or certification of Mr. Johnson, he would not be entitled to relief for his failure to show he exercised due diligence in setting forth this claim. In an effort to explain why there was "no possibility" for him to have discovered Mr. Johnson's recantation at an earlier date, Appellant generally maintains that he began working with investigators in 2009, because he suffered from a "lack of resources" prior thereto. In 2009, the investigators allegedly set forth a "nationwide search" and after "several months" "tracked, located and found [Mr. Johnson] still living in Philadelphia." Brief for Appellant at 11. Appellant does not clarify why Messrs. Kato and Giordano did not meet with and interview Mr. Johnson until November of 2014, over five years after his whereabouts became known. Thus, Appellant failed to meet his burden to prove he was duly diligent in obtaining the alleged recantation testimony of Mr. Johnson, or that he filed his amended PCRA petition within 60 days of obtaining this claimed new evidence. As such, the PCRA court did not err in dismissing the untimely PCRA petition without a hearing.

Also, Appellant has failed to establish the instant PCRA petition was filed within 60 days of his discovery of alleged governmental interference. Mr. Johnson was questioned on both direct examination and on cross-examination at Appellant's trial in 1983 regarding the pending criminal charges against him. Through the Commonwealth's questioning, the jury was made aware that Mr. Johnson had been charged with armed robbery in two, separate incidents and that his trial in those matters had been scheduled. N.T. Trial, 3/8/1983, at 678. Mr. Johnson indicated that no one in the District Attorney's office had made any promises to encourage him to testify, but did indicate that, at most, the prosecutor had told Mr. Johnson that if he were ultimately convicted of any crime, he would "tell the Judge that [Mr. Johnson] in fact had testified and cooperated in this case." *Id*. at 670. Appellant admits in his appellate brief that he was able to glean from police reports that Mr. Johnson pled guilty on June 7, 1983, and received probation. Brief for Appellant at 11-12. While he baldly states that he suffered from a "lack of resources" until 2009, he fails to explain why he was unable to ascertain with the exercise of due diligence the sentence which Mr. Johnson received in June of 1983 until almost three decades later. Indeed, contrary to Appellant's assertions, the fact that Mr. Johnson pled guilty and received a five years of probation does not evince that he made a clandestine deal with police and the prosecution in exchange for his testimony against Appellant. Brief for Appellant at 21.

In light of the foregoing, Appellant has failed to show the Commonwealth obstructed his ability to obtain the allegedly exculpatory evidence. *See Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 (1963).[5] Accordingly, as Appellant's petition is patently untimely and he has failed to plead and prove the applicability of any exception to the PCRA's time-of-filing requirements, the PCRA court lacked jurisdiction to consider the merits of the issue Appellant raised in the petition and did not err in dismissing it without an evidentiary hearing.

Order affirmed.

Judge Bowes joins the memorandum.

Judge Moulton concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2016

---

[5] Specifically, a *Brady* claim requires a petitioner to show "(1) the prosecutor has suppressed evidence, (2) the evidence, whether exculpatory or impeaching, is helpful to the defendant, and (3) the suppression prejudiced the defendant." *Commonwealth v. Carson*, 590 Pa. 501, 913 A.2d 220, 244 (2006).